## 76616. MEANS v. THE STATE.
(372 SE2d 484)

BENHAM, Judge.

Appellant was convicted in a bench trial of trafficking in cocaine (OCGA § 16-13-31).

1. In his first enumerated error, appellant contends the trial court erred in denying his motion to suppress. The evidence presented during the suppression hearing revealed that Paul Markonni, an agent for the Drug Enforcement Administration (DEA) and a Clayton County deputy sheriff, approached appellant in Harts-field International Airport and requested that appellant submit his person and his tote bag to a search. Markonni testified that appellant agreed to the request and accompanied Markonni and another agent to a private office where a plastic bag containing 121 small plastic bags, each containing a tan, chunky substance that Markonni believed to be crack cocaine, was found within appellant's pants near his lower abdomen. While appellant testified that he did not consent to a search of his person, there was evidence presented from which the trial court could conclude that appellant had given consent to a search of his person and that the contraband was discovered during the search conducted pursuant to that consent. The trial court did not err in denying appellant's motion to suppress in light of evidence that appellant consented to the search. See Wilson v. State, 179 Ga. App. 780 (1) (347 SE2d 709) (1986).

2. Appellant next contends that the evidence was insufficient to sustain his conviction for possession of more than 28 grams of a mixture with a purity of more than ten percent cocaine. OCGA § 16-13-31. Appellant maintains that the State failed to substantiate that appellant was carrying more than 28 grams.

The forensic chemist from the DEA regional laboratory in Miami testified that the contents of the 121 plastic baggies "all appeared to be alike"; that he selected 20 baggies at random and tested the contents of each for the presence of cocaine; that each tested consistent with the presence of cocaine; that the aggregate weight of the contents of the 20 bags was 6.86 grams; that he ground the contents of the 20 bags together and removed a portion for more detailed testing; and that the portion tested out as 95 percent pure cocaine.

The forensic chemist admitted he did not actually weigh the contents of the 121 bags but extrapolated a total weight of 41.5 grams from the fact that 20 bags weighed 6.86 grams, making the average weight of each of the 20 bags .343 grams, and multiplying .343 grams times 121 bags (41.503 grams). The total weight of the contraband affects two essential elements of the crime of trafficking in cocaine: the accused must have 28 grams of a mixture and that mixture must be at least 10 percent pure cocaine. OCGA § 16-13-31. Appellant ar-

gues that the chemist's failure to test and weigh every tan-colored chunk leaves room for reasonable doubt that the entire amount exceeded 28 grams and had a purity greater than 10 percent.

It was not necessary for the State to prove that each of the tan chunks seized contained cocaine. The State need only prove beyond a reasonable doubt that the total weight of the chunks confiscated exceeded 28 grams, and that cocaine made up at least 10 percent of the total amount seized. The State introduced evidence that random samples were taken in accordance with DEA laboratory standard operating procedures and that the samples were found to contain 95 percent cocaine. The jury could reasonably infer that all the chunks contained cocaine. See *Coop v. State*, 186 Ga. App. 578 (3) (367 SE2d 836) (1988); *Meeks v. State*, 178 Ga. App. 9 (3) (341 SE2d 880) (1986).

The failure to weigh the entire amount of cocaine mixture is more problematical. While the courts have condoned random sampling to ascertain the chemical makeup of suspected contraband, the entire amount of contraband is generally not in question, because the authorities have weighed it. The State now seeks judicial approval of extrapolating total weight from the average weight of random samples. We are reluctant to place an unconditional imprimatur upon such a method. However, where as here, the evidence is undisputed that all 121 baggies contained pieces of contraband that were visually alike and the factfinder was able to make its own determination of the uniformity of the pieces of contraband since the contents of the 121 baggies were entered in evidence, we agree that there was sufficient evidence from which a rational finder of fact could conclude that appellant possessed more than 28 grams of a mixture containing cocaine. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); OCGA § 16-13-31 (a) (1).

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 6, 1988.

*Joseph M. Todd*, for appellant.

*Robert E. Keller, District Attorney, Clifford A. Sticher, Assistant District Attorney*, for appellee.