## A91A1031. McKISSIC v. THE STATE.
(411 SE2d 516)

CARLEY, Presiding Judge.

Appellant was indicted for aggravated battery in that she "did maliciously cause bodily harm to [the victim] by depriving [her] of the loss of vision of her right eye. . . ." Appellant was tried before a jury and found guilty. She appeals from the judgment of conviction and sentence entered by the trial court on the jury's guilty verdict.

Appellant had filed written requests to charge on battery and simple battery as lesser included offenses. Her sole enumeration of

error relates to the trial court's refusal to give these requests.

Appellant took the stand in her own defense. She admitted hitting the victim and denied only that she had a broken bottle in her hand when she had done so. However, it would not serve to render appellant guilty of any lesser crime than aggravated battery in that she may have maliciously caused the loss of the victim's eyesight by employment of her bare hands rather than a broken bottle. The focus of OCGA § 16-5-24 (a) is upon whether the defendant has maliciously caused the victim to suffer an enumerated physical injury, and the means employed so as maliciously to cause such an injury is not a mitigating factor.

Appellant also denied that she had caused the victim to lose her eyesight, urging that the victim had fallen against a grill after being hit and that only then had the victim cut her eye on a piece of metal. However, this testimony would not demonstrate that appellant's admitted initial contact with the victim had not "caused" the subsequent cut to the victim's eye and the resulting loss of her eyesight. " '[I]t is no longer important that the contact [in a battery] is not brought about by a direct application of force such as a blow, and *it is enough that the defendant sets a force in motion which ultimately produces the result. . . [.]*" (Emphasis supplied.) *J. A. T. v. State of Ga.,* 133 Ga. App. 922, 923-924 (212 SE2d 879) (1975). Accordingly, if, by maliciously striking the victim, appellant set in force a motion which ultimately resulted in the victim's loss of her eyesight, it is not determinative that appellant's hand was not a more immediate factor in that result.

Appellant also testified that it was the victim who was the aggressor. If, however, appellant was acting in self-defense, this would not be just a mitigating factor, but would constitute an absolute defense to any criminal liability whatsoever. OCGA § 16-3-21. The trial court charged on that defense.

Appellant introduced no evidence that the physical injury suffered by the victim as the result of being struck was anything less than the deprivation of a member of the victim's body. Appellant admitted the act of striking the victim and denied only that she wielded a broken bottle and that she was the immediate cause of the victim's loss of her eyesight. Appellant denied that she had been the aggressor and urged that she had been acting in self-defense. Under this evidence, appellant was either guilty of aggravated battery or not guilty of any crime. There is no construction of the evidence that would authorize a finding that appellant was neither guilty of aggravated battery nor justified in striking the victim, but that she was guilty only of committing one of the lesser included offenses of simple battery or battery. "Examining the trial transcript in its entirety, we find that the offense[s] of simple battery [and battery were] not reasonably

raised by the evidence adduced at trial and [were] not in issue so as to require instructions. [Cits.]" *Diaz v. State*, 194 Ga. App. 577, 579 (3) (391 SE2d 140) (1990).

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 27, 1991 —
RECONSIDERATION DENIED OCTOBER 16, 1991 —

*Avis K. Hornsby*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Samuel W. Lengen, Carl P. Greenberg, Assistant District Attorneys*, for appellee.