S93A1444. SWAYZER v. THE STATE.
(436 SE2d 652)

CLARKE, Chief Justice.

Appellant Marvin Swayzer was convicted of malice murder and aggravated assault for the shooting of Herbert Lee McHenry.[1] On December 21, 1991, the East Point Police responded to reports of a shooting. The victim was taken to the hospital while the police looked for witnesses. Joseph Williams, appellant's stepbrother, approached a police officer and stated that he shot the victim for taking his cigarettes. Joseph Williams, along with Michael Williams, his older brother and appellant Swayzer, was charged in the shooting. The charges against the Williams brothers were dropped and Joseph Williams testified at trial. He explained that the victim took his cigarettes at a party. When Joseph told Swayzer about the incident, Swayzer went outside and argued with McHenry. After a scuffle, Swayzer shot McHenry in the head.

1. Appellant argues that the trial court erred in instructing the jury that it could not consider the lesser included offenses of each

---

[1] The crime occurred on December 21, 1991. Appellant was indicted in Fulton County, along with Joseph and Michael Williams, for malice murder, felony murder, and aggravated assault on March 10, 1992. The State dropped the charges against both Joseph and Michael Williams. After a jury trial, appellant was convicted of malice murder, felony murder, and aggravated assault. The trial court merged the felony murder and aggravated assault convictions with the malice murder conviction and sentenced appellant to life imprisonment. Appellant filed his first motion for new trial on September 15, 1992 and a second motion for new trial on October 2, 1992. The trial court denied the motions on April 29, 1993. Appellant filed a notice of appeal on May 25, 1993. The parties argued this case before this court on September 20, 1993.

count unless it found the defendant not guilty of the more serious offense. This "sequential" charge, he contends, emphasized the murder charge, denying the jury the opportunity to consider the charge as a whole. The trial court charged the jury, "This Court instructs you that if you find the defendant guilty of murder, you do not proceed to consider the lesser included offenses under B, voluntary manslaughter." The court gave similar instructions for each of the other charges, instructing the jury not to consider the lesser offense if it found the defendant guilty on the more serious charge. Appellant contends that this charge was improper because the jury could only consider voluntary manslaughter if they unanimously acquitted appellant of the greater charge. See *Alexander v. State*, 247 Ga. 780 (3) (279 SE2d 691) (1981), overruled in part *Edge v. State*, 261 Ga. 865 (414 SE2d 463) (1992). The evidence of this case, appellant argues, does not establish the intent necessary for murder with any more certainty than an intent for any lesser offense. But for the sequential charge, the jury could easily have found sufficient provocation to negate malice and convict on voluntary manslaughter. See *Edge v. State*, supra.

In *McGill v. State*, 263 Ga. 81 (428 SE2d 341) (1993), this court held that where a defendant is found guilty of malice murder and felony murder, "any error in the giving of a 'sequential' charge in connection with felony murder and voluntary manslaughter clearly would be harmless." Id. at 83. In finding the malice necessary for malice murder, the jury necessarily found that there was no provocation to reduce the conviction to voluntary manslaughter. Because the jury returned a guilty verdict on both malice murder and felony murder, the *Edge* rule does not apply, and any error in this jury charge is harmless.[2]

Appellant attempts to distinguish this case by suggesting that the jury charge precluded consideration of provocation until the jury unanimously acquitted appellant of murder. We disagree with appellant's characterization of the jury charge.

2. Appellant enumerates as error the trial court's instructions to the jury on the standard of proof. The instruction stated that the jury could not convict unless they found the defendant guilty beyond a reasonable doubt and to a moral and reasonable certainty. According to defendant, this allowed the jury to convict on a standard of guilt less than "beyond a reasonable doubt." Considering the charge as a whole, we find no reversible error. *Vance v. State*, 262 Ga. 236 (2) (416 SE2d 516) (1992).

3. Viewing the evidence in the light most favorable to the jury's

---

[2] Because of the potential problems where the jury convicts a defendant of felony murder rather than malice murder, the sequential charge can prove to be harmful error and is not recommended where evidence of provocation may be introduced.

verdict, a rational trier of fact could have found appellant guilty of malice murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. All Justices concur.*

DECIDED DECEMBER 2, 1993 —
RECONSIDERATION DENIED DECEMBER 17, 1993.

*Steven J. Jackson*, for appellant.

*Lewis R. Slaton, District Attorney, Carl P. Greenberg, William F. Riley, Nathaniel Dobson, Jr., Assistant District Attorneys, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Rachelle L. Strausner, Staff Attorney*, for appellee.