## A94A0269. HANCOCK v. THE STATE.
(441 SE2d 261)

BLACKBURN, Judge.

Billy Hancock appeals his conviction for trafficking in cocaine. On appeal, Hancock enumerates as error the trial court's denial of his motion for directed verdict and his motion for new trial. Hancock asserts that the evidence was insufficient for the jury to determine beyond a reasonable doubt that he was guilty of possessing twenty-eight grams or more of a mixture with a purity of ten percent or more of cocaine.

The State presented the testimony of its expert, a forensic chemist with 19 years of experience with the GBI crime lab, who testified that he had conducted approximately 25,000 to 30,000 tests for cocaine on substances submitted to him. The forensic chemist further testified, with regard to the present case, that he received eight bags of suspected cocaine with a total weight of 81.5 grams. He tested a

small portion from four of the bags and determined that the substance was 69.2 percent pure cocaine. He could not testify as to the exact weight of the four bags tested as he did not weigh them individually. However, he testified that he knew that the four tested bags made up, at least, half of the total weight of all eight bags of substance, as he selected the heavier bags to test. He further testified that, in his opinion, the four tested bags weighed more than twenty-eight grams. All eight bags were admitted into evidence for jury review.

"On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility." *Williams v. State*, 199 Ga. App. 566, 568 (405 SE2d 716) (1991). This case is less problematic than *Means v. State*, 188 Ga. App. 210 (372 SE2d 484) (1988), wherein we found sufficient evidence to support a conviction for possession of more than 28 grams of a mixture containing cocaine where the State's forensic chemist failed to obtain the total weight of the 121 bags. In the present case, the total weight of the mixture equalled almost three times the amount required for the conviction and the chemist testified that he tested bags containing over half of the mixture. Viewed in the light most favorable to support the verdict, we find ample evidence from which a rational trier of fact could have found Hancock guilty of trafficking in cocaine.

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 4, 1994 —
RECONSIDERATION DENIED FEBRUARY 15, 1994 —

*McArthur & McArthur, John J. McArthur*, for appellant.
*Harry N. Gordon, District Attorney, Gerald W. Brown, Assistant District Attorney*, for appellee.