A95A0659. WELCH v. THE STATE.
(457 SE2d 829)

RUFFIN, Judge.

Lonnie Welch was convicted by a jury of possession of cocaine with intent to distribute in violation of the Georgia Controlled Substances Act. Welch appeals from the judgment of conviction and denial of his motion for new trial.

The evidence at trial showed that on the afternoon of Welch's arrest, Eatonton police received an anonymous telephone call indicating an individual named "Dolly Foo Foo" was selling drugs in a bar called the Sunset Club. The chief of police, who knew Dolly Foo Foo was an alias of Welch, responded to the call and drove to the Sunset Club. As he approached the Sunset Club, which was located in an area known for crime and drug activity, the police chief saw Welch exiting the bar. As Welch walked across the parking lot and down the street, the police chief followed in his patrol car. The police chief testified that when Welch turned onto a path, "I had done got pretty

close up on him. I pulled right in between the Sonny Boy's Club and the branch and hollered out the window and we went up the path. I went up the path with the car. I said Foo Foo. He immediately turned around. His right hand came out of his right pocket and a white object left his right arm and went landing into the bushes. At that time, I told him to put his hands on the hood of the car and called for [another officer to come to the scene]." When the other officer arrived, he retrieved the white object, a white pill bottle containing 33 rocks of suspected cocaine. The officer arrested Welch and found $310.37 in small bills in his pocket. The substance in the pill bottle subsequently tested positive for cocaine.

1. Prior to trial, Welch moved the court to suppress all evidence of the cocaine, arguing it was the product of an unlawful search and seizure. In his first enumeration of error, Welch contends the trial court erred in denying the motion. Welch argues that since the anonymous telephone tip was insufficient to justify his initial stop, the cocaine that was obtained as a result of that stop should have been suppressed. However, in this case we need not determine the sufficiency of the anonymous telephone tip because the cocaine was not discovered as a result of a seizure of Welch, unlawful or otherwise.

"That police receive information which does not amount to probable cause does not require them to shrug their shoulders and make no inquiry, but rather the circumstances may justify investigation. [Cit.]" *State v. Smalls*, 203 Ga. App. 283, 286 (2) (416 SE2d 531) (1992). "The police can be said to have seized an individual only if, in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave. . . . [P]olice officers do not violate the Fourth Amendment by merely approaching an individual on the street or in another public place, by asking him if he is willing to answer some question or by putting questions to him if he is willing to listen." (Citations and punctuation omitted.) *United States v. Maragh*, 894 F2d 415, 418 (1) (D.C. Cir. 1990). In determining whether the police have seized a citizen, we must look "to such factors as whether the officers displayed weapons, were physically intimidating or threatening, or approached the citizen at an unusual place or time. [Cits.]" Id. at 418.

In this case, there is no evidence that police seized Welch prior to the time he threw the cocaine to the ground. Welch does not contend he believed he was not free to leave. The police chief did not display any weapons, did not conduct himself in an intimidating or threatening manner, and the encounter took place in public during daylight hours. The only conduct that precipitated Welch throwing the cocaine to the ground was the police chief calling out the name "Foo Foo." "As for the substance identified as cocaine, [Welch] affirmatively abandoned it by throwing it [to the ground] as the [police chief] ap-

proached, thereby placing it within plain view. . . ." *State v. Howell*, 180 Ga. App. 449, 451 (349 SE2d 476) (1986). See also *Anderson v. State*, 209 Ga. App. 676 (434 SE2d 122) (1993). Accordingly, "the evidence was not the fruit of a seizure, legal or illegal, and [was] admissible. [Cit.] Thus, the trial court did not err in denying [Welch's] motion to suppress." Id. at 677.

2. Welch also asserts the trial court erred in admitting into evidence the entire contents of the bottle when only one of the thirty-three pieces was analyzed for the presence of cocaine. Welch argues that since the other 32 pieces of suspected cocaine were not analyzed, they were not relevant to the case. " 'Admission of evidence rests in the trial court's sound discretion; and evidence should be admitted if it is admissible for any legitimate purpose.' " *Stevens v. State*, 213 Ga. App. 293, 295 (3) (444 SE2d 840) (1994). In this case, "[i]t was not necessary for the State to prove that each of the tan chunks seized contained cocaine. . . . The State introduced evidence that [a random sample was] taken in accordance with [GBI] laboratory standard operating procedures and that the [sample was] found to [contain] cocaine." *Means v. State*, 188 Ga. App. 210, 211 (372 SE2d 484) (1988). From this evidence, "[t]he jury could reasonably infer that all the chunks contained cocaine. [Cits.]" Id. Accordingly, there was no error in the admission of this evidence.

3. Finally, citing *Edge v. State*, 261 Ga. 865 (2) (414 SE2d 463) (1992), Welch contends the trial court erred in instructing the jury that before it could consider the lesser included offense of possession of cocaine, it had to reject the greater offense of possession of cocaine with intent to distribute. However, "the sequential charge disapproved in *Edge* is specific to the context of felony murder and voluntary manslaughter." *Kirk v. State*, 210 Ga. App. 440, 444 (2) (436 SE2d 553) (1993). " 'The charge given [in this case] properly informed the jury that it should first consider the offense as charged, and if it had a reasonable doubt as to the offense charged, then it could consider the lesser offense. [Cit.] Only by such a procedure can justice be done to each party to the proceeding. There is no error in the charge of the court.' [Cits.]" (Punctuation omitted.) *Henderson v. State*, 191 Ga. App. 275, 277 (2) (381 SE2d 423) (1989).

*Judgment affirmed. Beasley, C. J., and Pope, P. J., concur.*

DECIDED MAY 9, 1995.

*Lawrence & Ford, Francis N. Ford,* for appellant.
*Joseph H. Briley, District Attorney, Wilson B. Mitcham, Jr., As-*

*sistant District Attorney,* for appellee.