## A00A0103. PLUNKETT v. THE STATE.
### (535 SE2d 852)

SMITH, Presiding Judge.

Deborah Plunkett appeals her conviction by a Forsyth County jury of first degree arson. Her sole enumeration of error is that the trial court erred when it refused to give her requested jury charge on third degree arson. We affirm because the evidence did not warrant the charge.

On July 19, 1998, Plunkett lived with her sister Athena Stevens in Stevens's house in Cumming. Plunkett and Stevens had an argument, and Stevens left the house, leaving Plunkett alone in the residence. That evening, firefighters responded to a fire at the Stevens house. After arriving, the firefighters extinguished the fire and found Plunkett, unconscious, lying in an upstairs hallway. When she regained consciousness, she told a firefighter that she had set the house on fire, and when asked where she had set the fire, she responded that she had set it anywhere she could. At trial, Plunkett denied setting the fires but admitted taking 20 Xanax pills and drinking 12 beers that night.

The arson investigator found five individual fires. A fire was set in a "play/office" room, in the laundry room, in the living room fireplace, in a hallway, and on a plastic grill cover on the back porch. There was no indication that the separate fires had migrated from one point to another. The arson investigator testified that each fire

was deliberately set.

The trial court charged the jury on first degree arson, which includes damaging by fire the dwelling house of another. OCGA § 16-7-60 (a) (1). Defense counsel requested, but the trial court refused to give, a charge on third degree arson, which constitutes knowingly damaging by fire the personal property of another. OCGA § 16-7-62.

Plunkett contends that because there was at least slight evidence of intent to set fire only to personal property, a charge of arson in the third degree should have been given to the jury. See *Davis v. State*, 269 Ga. 276, 279 (3) (496 SE2d 699) (1998); *Koritta v. State*, 263 Ga. 703, 704-705 (438 SE2d 68) (1994). The State maintains that the evidence did not support such a charge, and we agree.

Plunkett argues that three fires in the house could have been ignited accidentally by stray cigarette ashes and that the fire in the fireplace caused no damage. The fifth fire was set to the cover of a gas grill on the porch of the house and did not spread. Plunkett maintains that because the grill was personal property, a charge of arson in the third degree was warranted.

A jury charge may be given so long as the evidence is "enough to enable the trier of fact to carry on a legitimate process of reasoning. [Cit.]" *Koritta*, supra at 704-705. Plunkett asks us to consider a scenario in which she wandered around the house, accidentally setting three fires, innocently lighting a fire in the fireplace (in July), and then intentionally lighting the cover of the gas grill. This strains the process of deliberation beyond reason.

Furthermore, Plunkett's defense was that she did not set the fires. The evidence produced at trial indicates that five fires were intentionally set, that at least three of the fires damaged a dwelling house, and that one of the fires may have damaged only personal property. Logically, Plunkett set either all the fires or none of them. There is no evidence to support a finding that Plunkett set only the grill on fire. It is not error for a trial court to refuse to charge a lesser included offense when the evidence does not reasonably raise the issue that defendant may be guilty only of the lesser crime. See *Quick v. State*, 139 Ga. App. 440, 443 (5) (228 SE2d 592) (1976). The evidence would not reasonably allow a finding that Plunkett was guilty only of third degree arson, and so she suffered no harm when the trial court refused to give the requested charge on that count.

*Judgment affirmed. Pope, P. J., and Miller, J., concur.*

DECIDED JUNE 20, 2000.

*Abernathy & Ballinger, Eric A. Ballinger*, for appellant.

*Philip C. Smith, District Attorney, Sandra A. Partridge, Assistant District Attorney*, for appellee.