## S00A1909. ALEXIS v. THE STATE.
(541 SE2d 636)

BENHAM, Chief Justice.

Appellant appeals from his convictions for felony murder and aggravated assault in connection with the death of Glenda Smith and aggravated assault upon Tonya Smith.[1] The evidence at trial demonstrated the following: Appellant Dexter Alexis picked up Glenda Smith, a prostitute, and parked nearby. Several minutes later, wit-

---

[1] Appellant was indicted for malice murder, felony murder, and two counts of aggravated assault on September 27, 1994. A jury trial was held on June 17 through June 19, 1996. The jury found appellant guilty of felony murder and both counts of aggravated assault. The jury was not able to reach a verdict on the malice murder count. On June 21, 1996, appellant was sentenced to life in prison on the felony murder count and a concurrent ten year sentence on one count of aggravated assault. The other aggravated assault charge was merged into the felony murder charge. Appellant filed a motion for new trial on July 19, 1996 and an amended motion for new trial on February 29, 2000. The amended motion for new trial was denied on March 23, 2000. Appellant filed a timely notice of appeal to this Court on April 19, 2000, and the appeal was docketed on August 7, 2000.

nesses who had observed Glenda get into appellant's car heard a gunshot. The witnesses then found Glenda lying on the ground in a pool of blood. Glenda died shortly thereafter.

Five days later appellant returned to the same area, where he picked up another prostitute. Appellant asked the woman about the condition of Glenda, who told him that she had died. Shortly thereafter, the woman was seen running into a nearby bar, where she called the police to report appellant for Glenda's murder. He then picked up another prostitute, Tonya Smith, who happened to be the sister of the murder victim. Appellant became very nervous upon learning Tonya's identity. During an argument between appellant and Tonya over whether he could pay her for her services, appellant pulled out a gun. Tonya escaped from the car and ran to a nearby police officer who chased appellant until appellant crashed his car. An expert testified that the bullet removed from Glenda's body was fired from the gun recovered from appellant's car.

Appellant admitted in a statement to police and testified at trial that he shot Glenda and pulled the gun on Tonya. Appellant stated he shot Glenda unintentionally after she became hysterical upon learning he had a gun. Appellant stated he pulled the gun on Tonya to get her to leave his car.

1. Viewing the evidence in the light most favorable to the verdict, the evidence was sufficient to authorize a rational trier of fact to find appellant guilty of the crimes of which he was convicted beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Wyatt v. State*, 272 Ga. 490 (1) (532 SE2d 390) (2000).

2. Appellant contends the trial court erred by not giving the jury charge on voluntary manslaughter appellant requested, arguing that the victim's actions upon learning appellant possessed a gun was provocation authorizing the charge. Voluntary manslaughter occurs when an individual kills "solely as the result of a sudden, violent, and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person." OCGA § 16-5-2 (a). When slight evidence exists that a defendant committed voluntary manslaughter rather than murder, the trial court is required to charge the jury on that offense. *Harris v. State*, 263 Ga. 492 (2) (435 SE2d 671) (1993). However, a defendant is not entitled to a voluntary manslaughter charge where he has not demonstrated that he acted solely out of passion in response to a provocation that would have caused a reasonable person to act as he did. *Smith v. State*, 271 Ga. 507 (2) (521 SE2d 562) (1999). Appellant did not testify that he was angry when he shot Glenda. Rather, appellant testified that he was trying to calm Glenda down by demonstrating that the gun would not fire. In doing so, appellant testified he pointed the gun at the windshield

and pulled the trigger, thinking the gun would not fire until the trigger was pulled a second time. Appellant testified that as he pulled the trigger, Glenda jerked his hand away toward her, and the gun fired. Thus, in the absence of evidence of provocation and passion, the trial court did not err in refusing to charge the jury on voluntary manslaughter as requested since appellant's own testimony demonstrates that he did not shoot Glenda out of passion.

3. Appellant argues the trial court erred in failing to give his requested charge to the jury on the State's burden of disproving appellant's affirmative defense of accident. The charge requested read as follows:

> An act producing consequences will not be presumed to be criminal, and it is for the jury, as the trier of facts, to determine whether such act is criminal. The law of Georgia is that a person shall not be found guilty of any crime committed by misfortune or accident where the evidence shows no criminal scheme or undertaking or criminal negligence. An accident is an event that takes place without one's foresight or expectations; that which takes place or begins to exist without an evil design. The burden rests with the State to prove that the act alleged to be criminal is in fact a criminal act beyond a reasonable doubt and not the result of misfortune or accident.

A trial court is required to give a defendant's requested charge on the state's burden to disprove an affirmative defense beyond a reasonable doubt where the requested charge is a correct statement of law and is adjusted to the evidence. *Bishop v. State*, 271 Ga. 291 (2) (519 SE2d 206) (1999). However, where a defendant does not request such a charge, or the request is not a correct statement of the law, the trial court is not required to instruct the jury on the subject if the court charges the jury on the "elements of the defense of accident, the presumption of innocence, the burden of proof in general, criminal intent, and the burden to prove the elements of the crimes alleged in the indictment," as the trial court did in the instant case. *Stansell v. State*, 270 Ga. 147 (2) (510 SE2d 292) (1998) (quoting *Ross v. State*, 268 Ga. 122 (7) (485 SE2d 780) (1997)).

We conclude that the trial court did not err in failing to charge the jury on the State's burden to disprove appellant's affirmative defense beyond a reasonable doubt because appellant did not specifically request such a charge. Appellant's requested charge only stated that the State has the burden of proving that "the act alleged to be criminal is in fact a criminal act beyond a reasonable doubt. . . ." The phrase "and not the result of misfortune or accident" in the

requested charge is not a statement on the State's burden to disprove appellant's accident defense beyond a reasonable doubt. The charge focused on the State's burden of proving that the alleged act was criminal and not the State's burden of disproving accident beyond a reasonable doubt. As such, the requested charge was not a correct statement of the law regarding the State's burden to disprove accident beyond a reasonable doubt, and the trial court was not required to charge the jury on the subject. See *Bishop*, supra; compare Suggested Pattern Jury Instructions, Vol. II: Criminal Cases, p. 23 ("When the issue of accident is raised, the burden is on the state to negate or disprove it beyond a reasonable doubt.").

Appellant also argues that the charge given by the trial court lowered the State's burden of proof with respect to his accident defense due to the use of the words, "satisfactorily appears" rather than "beyond a reasonable doubt." The charge with which appellant takes issue read, "A person shall not be found guilty of any crime committed by misfortune or accident where it satisfactorily appears that there was no criminal scheme or undertaking or intention or criminal negligence." The charge is a verbatim statement of the statutory definition of accident. See *Koritta v. State*, 263 Ga. 703 (438 SE2d 68) (1994); *Coates v. State*, 216 Ga. App. 93 (5) (453 SE2d 35) (1994); OCGA § 16-2-2. The context in which the phrase "satisfactorily appears" is used does not in any way refer to the State's burden of proof. Thus the charge was not, as appellant contends, an inaccurate statement of the State's burden of proof.

4. Appellant argues the trial court erred in failing to charge the jury sua sponte on self-defense with respect to the crimes committed against Glenda Smith and Tonya Smith. It is error to fail to give a charge on a defendant's sole defense, even where the defendant does not request the charge, if there is some evidence to support the charge. *Bowden v. State*, 270 Ga. 19 (3) (504 SE2d 699) (1998). We conclude that the trial court did not err in failing to charge the jury on justification with respect to the charges relating to Glenda. Justification was not appellant's sole defense, as he also put forth accident as a defense. Further, the charge was not supported by the evidence. In order to be entitled to a charge on self-defense, appellant must show that he reasonably believed that the imminent use of unlawful force was to be perpetrated against him. OCGA § 16-3-21 (a); *Brown v. State*, 258 Ga. 152 (2) (366 SE2d 668) (1988). Appellant did not testify that he feared for his life or safety when Glenda was killed. Even if he had, appellant cannot claim self-defense because he created a situation rendering it necessary for Glenda to defend herself. *Domingo v. State*, 213 Ga. 24 (3) (96 SE2d 896) (1957). Appellant testified that Glenda became hysterical when she learned he had a gun. He testified he fired the gun as he was attempting to calm Glenda down.

Thus, the trial court did not err in failing to charge the jury on self-defense with respect to the charges relating to Glenda.

Likewise, we also conclude that the trial court did not err in failing to charge the jury on self-defense with respect to the aggravated assault charge against Tonya Smith. Though justification was appellant's sole defense with respect to the crime against Tonya, the evidence did not support the charge. Though Tonya became highly agitated after appellant pulled out his gun, appellant testified that Tonya never touched him. Appellant never testified that Tonya's action made him fear for his life or safety. Even if he had appellant was not entitled to a self-defense charge because appellant testified that he pulled out the gun in an attempt to get Tonya to leave the car after she demanded money for her services, creating a situation where Tonya needed to defend herself. Id.

5. Finally, appellant argues the trial court erred in giving a jury charge that shifted the burden of persuasion on the element of intent to appellant. The trial court charged the jury as follows:

> You may infer, if you wish to do so, that the acts of persons of sound mind and discretion are the product of his will and you may infer, if you wish to do so, that a person of sound mind and discretion intends the natural and probable consequences of his acts. Whether you make any such inference or inferences in this case is a matter solely within the discretion of the jury.

Specifically, appellant objects to the language in the charge that allows the jury to infer that a person's acts are voluntarily made and that a person intends the consequences of his acts. We have held that such a charge does not shift the burden of persuasion where the charge is not worded in terms of presumptions, but "permissive inferences," as the instant charge is worded. *Thompson v. State*, 257 Ga. 481 (6) (361 SE2d 154) (1987). Thus, the trial court's charge did not shift the burden of persuasion.

For the reasons stated above, we affirm the rulings of the trial court.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 22, 2001 —
RECONSIDERATION DENIED FEBRUARY 16, 2001.

*Drew, Eckl & Farnham, James J. Lacy, John T. Chason*, for appellant.

*Paul L. Howard, Jr.*, District Attorney, *Bettieanne C. Hart*, Assistant District Attorney, *Thurbert E. Baker*, Attorney General, *Paula K.*

*Smith, Senior Assistant Attorney General, Tammie J. Philbrick, Assistant Attorney General*, for appellee.