## S01A1017. YAEGER v. THE STATE.
(552 SE2d 809)

BENHAM, Justice.

Patricia Darlene Yaeger died as a result of a gunshot wound she received to her neck. Her husband of 30 years, appellant Trammell Starr Yaeger, was arrested for, charged with, and convicted of her murder.[1] He now appeals from the judgment of conviction entered

---

[1] The crime occurred on October 2, 1999, and appellant was arrested the same day. He

against him.

1. The State presented evidence that Mrs. Yaeger had filed for divorce and was living with her twin sister. The victim, her sister, her stepbrother, and another male relative went to the marital home to remove Mrs. Yaeger's possessions. After an hour of loading furniture into a leased truck, the victim's stepbrother and the other male relative left. The victim's sister testified that she and her sister were at the point of leaving when appellant told the victim he could not live without her, pulled her around, told her he was going to kill her, and pushed her toward a couch, causing her to fall. The witness saw appellant straddle the victim, point a gun at the victim's head, and pull the trigger. In a tape-recorded telephone conversation with emergency personnel several minutes later, appellant stated he had killed his wife. During an interview with law-enforcement investigators later that day, appellant stated he had planned to kill his wife if she would not stay with him and had put a loaded gun in his waistband before she and the other relatives arrived to move her possessions. At trial, appellant testified that the victim had hugged or kissed him as she and her sister were leaving and he suggested that they talk. She turned around, kicking his right foot and stepping on it. He grabbed her to keep from falling and they hit the couch. Somehow, his gun got from his waistband to his hand and it went off, fatally wounding the victim. Appellant deduced that he must have shot her from the fact that "the next thing [he] knew there was a puddle of blood at her head. . . ." The evidence presented by the State was sufficient to authorize the jury to find appellant guilty beyond a reasonable doubt of murder and possession of a firearm during the commission of a crime. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant contends the trial court committed reversible error when it failed to give appellant's requested charges on post-traumatic stress disorder and voluntary manslaughter.

(a) Appellant maintains that expert testimony that he suffers from post-traumatic stress disorder entitled him to a charge instructing the jury that "the evidence [he] suffers from post-traumatic stress disorder was admitted for [the jury's] consideration

---

was charged with malice murder, aggravated assault, and possession of a firearm during the commission of crimes in an indictment returned by the Whitfield County grand jury and filed October 26. His trial commenced on July 17, 2000, and concluded on July 20 with the jury's return of its verdicts: guilty of malice murder and possession of a firearm, and not guilty of aggravated assault. The trial court sentenced appellant to life imprisonment for the murder conviction and a consecutive five-year term of years for the firearms conviction. Appellant's motion for new trial was filed August 18, 2000, and denied December 19, 2000. His notice of appeal was filed January 16, 2001, and the appeal was docketed in this Court on April 5, 2001. It has been submitted for decision on the briefs.

in connection with the defendant's claim of self-defense. . . ." Without intimating an opinion as to whether post-traumatic stress disorder "has reached a scientific stage of verifiable certainty" that authorizes the admission of novel scientific evidence (*Caldwell v. State*, 260 Ga. 278, 286 (393 SE2d 436) (1990)),[2] we conclude the trial court did not err when it declined to give appellant's requested charge on the subject since there was no factual evidence supporting appellant's theory that he was justified in using deadly force against his wife. "[A] person is justified in using force which is intended or likely to cause death or great bodily harm only if he reasonably believes such force is necessary to prevent death or great bodily injury to himself or a third person. . . ." OCGA § 16-3-21 (a). Appellant did not testify that he believed that deadly force was necessary to protect himself from his wife; rather he testified that she was shot as the two of them fell to the floor after she had kicked him and stepped on his foot, causing him to lose his balance. Since appellant did not testify that "he reasonably believed that the imminent use of unlawful force was to be perpetrated [upon] him" or that he feared for his life or safety when his wife was killed (*Alexis v. State*, 273 Ga. 423, 426 (4) (541 SE2d 636) (2001)), he could not claim he was justified in shooting his wife, and he was not entitled to a charge that the jury could consider post-traumatic stress disorder in connection with his justification defense. See also *Bryant v. State*, 271 Ga. 99 (3) (515 SE2d 836) (1999), where this Court intimated that testimony that a defendant suffered from post-traumatic stress disorder was not admissible to support a justification defense.

(b) Appellant contends the trial court erred when it declined to give his requested charge on voluntary manslaughter. A trial court is required, pursuant to a request, to charge the jury on an offense when slight evidence is presented that the defendant committed the offense. *Alexis v. State*, supra, 273 Ga. 423, 424 (2).

> A person commits the offense of voluntary manslaughter when he causes the death of another human being under circumstances which would otherwise be murder and if he acts solely as the result of a sudden, violent, and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person.

OCGA § 16-5-2 (a). Pretermitting whether the victim's kicking and stepping on appellant's foot constitutes the serious provocation necessary for voluntary manslaughter is the fact that there is no evi-

---

[2] See *Johnson v. State*, 266 Ga. 624, 625, n. 3 (469 SE2d 152) (1996), where we proceeded under the same reservation.

dence that appellant shot the victim as a result of a sudden, violent, and irresistible passion. There was no evidence that appellant shot his wife in anger (*Alexis v. State*, supra, 273 Ga. at 424; *Carter v. State*, 270 Ga. 637 (4) (514 SE2d 19) (1999)), or that he acted out of fear engendered by danger or as a result of a physical beating. Compare *Woody v. State*, 262 Ga. 327 (2) (418 SE2d 35) (1992). Accordingly, the trial court did not err when it declined to give appellant's requested charges on voluntary manslaughter.

3. Appellant also maintains the trial court's charge on involuntary manslaughter was incomplete. The trial court instructed the jury that involuntary manslaughter is committed when a person causes the death of a human being without intent to do so by the commission of a misdemeanor, in this case, disorderly conduct. See OCGA § 16-5-3 (a). Appellant contends the charge on involuntary manslaughter should have included the commission of criminal negligence as the misdemeanor.

Without deciding whether the evidence authorized a charge on involuntary manslaughter committed as a result of criminal negligence, we conclude that any error in failing to give the requested charge was harmless. The jury was instructed to consider the lesser offense of involuntary manslaughter only if they did not believe beyond a reasonable doubt that appellant was guilty of malice murder. Such a sequential charge is acceptable so long as the trial court does not insist upon unanimity with regard to the jury's decision on the greater offense. *Cantrell v. State*, 266 Ga. 700, 702, n. 2 (469 SE2d 660) (1996). See also *Jackson v. State*, 267 Ga. 130 (12) (475 SE2d 637) (1996), where this Court found no error in the trial court's sequential charge on malice murder followed by involuntary manslaughter; and *Welch v. State*, 217 Ga. App. 412 (3) (457 SE2d 829) (1995), where the Court of Appeals found no error in a charge that required the jury to consider the offense charged initially and to consider the lesser offense if it had a reasonable doubt as to the offense charged. Because the jury in the present case returned a guilty verdict on malice murder, thereby determining that all the elements of the greater offense existed, and because the lesser offense of involuntary manslaughter provides no "defense" to the greater offense as the "passion" element of voluntary manslaughter provides when malice or felony murder is involved, there was no reversible error in failing to give the jury another possible involuntary manslaughter option. See *Swayzer v. State*, 263 Ga. 690 (1) (436 SE2d 652) (1993).

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 17, 2001.

*Rex B. Abernathy*, for appellant.

*Kermit N. McManus, District Attorney, Thurbert E. Baker, Attorney General, Ruth M. Bebko, Assistant Attorney General,* for appellee.