## A02A0814. CODE v. THE STATE.
### (565 SE2d 477)

MIKELL, Judge.

Joseph Sonny Code a/k/a Robert Jones appeals his convictions of aggravated battery, theft by shoplifting, and giving a false name. Code contends that the evidence was insufficient to support his convictions, that his trial counsel was ineffective, and that the trial court erred by failing to give his requested charges on self-defense and on battery. Finding no error, we affirm.

1. When reviewing a criminal conviction, we view the evidence in the light most favorable to the verdict and do not weigh the evidence nor judge the witnesses' credibility.[1] The question is whether under the evidence presented a rational trier of fact could have found the defendant guilty beyond a reasonable doubt.[2]

So viewed, the evidence shows that on January 14, 2000, a loss prevention employee of K-mart, David Messer, was returning from lunch and noticed that the rear door to the garden center was "busted open." On that day, the garden center was closed for remodeling, and the doors had been bolted shut. Messer started investigating and saw Code loading merchandise into a wheelbarrow. After filling the vehicle with four VCRs and 92 DVDs, Code picked up two VCRs and proceeded outside the center onto the sidewalk, where he encountered Messer.

Messer identified himself as a loss control employee and asked Code to produce a receipt for the merchandise. According to Messer, Code claimed he found the VCRs on the sidewalk. Messer replied that he had observed Code steal them. At that moment, a car pulled up behind Messer, and Code made a beeline for it. Messer grabbed Code's arm and told him to stop. Code, however, dropped the VCRs and hit Messer across the face, knocking him unconscious and breaking his jaw in two places. Messer underwent four corrective sur-

[1] *Davis v. State*, 244 Ga. App. 708, 709 (1) (536 SE2d 596) (2000).
[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

geries, and his jaw was wired shut for eight weeks. He testified that his mouth and jaw were rendered useless for three months, and he continues to suffer neck and jaw problems.

Pursuant to OCGA § 16-5-24 (a), "[a] person commits the offense of aggravated battery when he or she maliciously causes bodily harm to another by depriving him or her of a member of his or her body, by rendering a member of his or her body useless, or by seriously disfiguring his or her body or a member thereof." In this case, as in *Ellis v. State*,[3] evidence that Code struck Messer in the face with enough force that Messer suffered a broken jaw is sufficient to support Code's conviction of aggravated battery. In addition, Messer's testimony, coupled with the testimony of an investigating officer that the merchandise Code took was valued at $2,862.37, amply supports Code's conviction of felony theft by shoplifting under OCGA § 16-8-14. Finally, Code's brief fails to challenge his conviction of giving a false name; his appeal of that conviction is therefore abandoned under Court of Appeals Rule 27 (c) (2).

2. Code also enumerates as error the denial of his motion for new trial on the ground of ineffective assistance of counsel. However, the transcript of the hearing on the motion was specifically omitted from the record on appeal. Accordingly, we are unable to address this enumeration because we have no transcript to review. "Absent a transcript, we must assume the ruling of the trial court is supported by the evidence."[4]

3. In his third enumerated error, Code contends that the trial court erred in refusing to give his written request to charge on the offense of misdemeanor battery, OCGA § 16-5-23.1, as a lesser included offense of aggravated battery. OCGA § 16-5-23.1 (a) provides that "[a] person commits the offense of battery when he or she intentionally causes substantial physical harm or visible bodily harm to another." "[V]isible bodily harm" is defined in subsection (b) as "bodily harm capable of being perceived by a person other than the victim and may include, but is not limited to, . . . substantially swollen lips or other facial or body parts." Instead of charging on this offense, the trial court charged the lesser included offense of simple battery. After the court charged the jury, defense counsel objected, contending that the testimony of the investigating officer that she observed swelling on Messer's face after the incident justified charging the jury on OCGA § 16-5-23.1.

"As a general rule, a written request to charge a lesser included offense must always be given if there is any evidence that the defend-

---

[3] 245 Ga. App. 807 (539 SE2d 184) (2000).
[4] (Citation and punctuation omitted.) *Early v. State*, 218 Ga. App. 869, 871 (2) (463 SE2d 706) (1995).

ant is guilty of the lesser included offense."[5] However, a trial court does not err in refusing to charge a lesser included offense when the evidence does not reasonably raise the issue that the defendant may be guilty only of the lesser crime.[6] Messer testified without contradiction that after the attack, his mouth and jaw were rendered useless for three months, during which time he survived by ingesting liquid nutrition through a straw inserted between a gap in his teeth. Messer lost 20 pounds during that period. The evidence would not reasonably allow a finding that Code was guilty of the lesser included offense of battery, OCGA § 16-5-23.1, as opposed to aggravated battery.[7] Accordingly, the trial court did not err in refusing to give the requested charge.

4. Finally, Code argues that the trial court erred in refusing to give his written request to charge on the affirmative defense of justification. An affirmative defense is one in which the defendant admits the act but seeks to justify, excuse, or mitigate it.[8] The defendant must admit the crime before he can raise the defense.[9] In addition, even if justification is a defendant's sole defense, it is not error to refuse the charge if there is no evidence to support it.[10] In this case, Code offered no evidence at trial. He made two statements to police, one shortly after he was apprehended and another after he was advised of his *Miranda* rights. Contrary to Code's argument, these statements provide no evidence of justification for the aggravated battery.

In his pre-arrest statement, Code claimed that "some guy" had grabbed him at K-mart and would not let him leave. Code then punched the man. Code did not admit to taking any items from the store. In his custodial statement, Code claimed that as he exited K-mart, he saw a wheelbarrow full of merchandise sitting on the sidewalk. As he was trying to return the items to the store, a "white guy" with "an attitude" approached him. Code claimed that "he and the white guy got into a verbal argument" and Code struck the male in the face with his fist. Code then got into his car and left. Later, Code stated that the "white guy had pushed him in the chest."

Code's statements did not warrant a jury instruction on justification as a defense to the aggravated battery charge. "In order to be entitled to a charge on self-defense, appellant must show that he reasonably believed that the imminent use of unlawful force was to be

---

[5] *Taylor v. State*, 232 Ga. App. 825, 826 (4) (502 SE2d 540) (1998).

[6] *Plunkett v. State*, 244 Ga. App. 504, 505 (535 SE2d 852) (2000).

[7] See generally *McKissic v. State*, 201 Ga. App. 525 (411 SE2d 516) (1991).

[8] *Brown v. State*, 267 Ga. 350, 351 (478 SE2d 129) (1996); see OCGA § 16-1-3 (1).

[9] *Hightower v. State*, 224 Ga. App. 703, 705 (2) (481 SE2d 867) (1997).

[10] *Alexis v. State*, 273 Ga. 423, 426 (4) (541 SE2d 636) (2001); see also *Porter v. State*, 272 Ga. 533, 534 (3) (531 SE2d 97) (2000).

perpetrated against him."[11] A loss prevention employee's attempted detention of a shoplifter would not constitute "imminent use of unlawful force."[12] Accordingly, since Code did not state that "he reasonably believed that the imminent use of unlawful force was to be perpetrated upon him" when he struck the victim, the trial court correctly ruled that it was not required to charge on justification.[13]

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

DECIDED APRIL 3, 2002 —
RECONSIDERATION DISMISSED MAY 20, 2002.

*Arleen Evans*, for appellant.

Joseph Code, *pro se.*

*William T. McBroom III, District Attorney, Robert H. English, Assistant District Attorney*, for appellee.

---

[11] *Alexis*, supra; OCGA § 16-3-21 (a).

[12] See, e.g., *Loden v. State*, 199 Ga. App. 683, 687 (1) (406 SE2d 103) (1991); *Hoover v. State*, 198 Ga. App. 481, 482 (4) (402 SE2d 92) (1991).

[13] *Alexis*, supra; *Yaeger v. State*, 274 Ga. 216, 218 (2) (a) (552 SE2d 809) (2001).