A05A0333. KENNEDY v. THE STATE.
(612 SE2d 532)

MIKELL, Judge.

Darius Labron Kennedy appeals his conviction for cruelty to children, arguing that the evidence was insufficient to support his conviction. We disagree and affirm.

On appeal from a criminal conviction, "we must determine whether, after viewing the evidence in the light most favorable to support the verdict, any rational trier of fact could have found the elements of the crime beyond a reasonable doubt."[1] We do not weigh the evidence or assess witness credibility, and the appellant is no longer presumed innocent.[2] So viewed, the evidence shows that when four-year-old H. M. attended her pre-kindergarten class on September 21, 2001, her teacher, Mary Lisa Norris, noticed that she had a

---

[1] (Footnote omitted.) *Reece v. State,* 241 Ga. App. 809 (527 SE2d 642) (2000).

[2] *Vasquez v. State,* 241 Ga. App. 512, 513 (1) (527 SE2d 235) (1999).

bite mark on her face. When Norris, and the support teacher in the classroom, Crystal Harrison, asked how the bite occurred, H. M. said that she did not know. As Norris walked around H. M., she also noticed that hair was missing from the back of H. M.'s head. Norris notified the school's resource coordinator, Bonnel Christensen, who came to the classroom to speak to H. M.

H. M. told Christensen and Norris that her mother's live-in boyfriend, Kennedy, bit her but asked them not to tell. She also told them that he pulled her hair out and threw it in the garbage and kicked her. Christensen photographed H. M.'s injuries, including the bruise on her back and buttocks caused by the kicking. Norris testified that during the month-and-a-half that H. M. was in her class, she had not noticed H. M.'s hair falling out. She also testified that on the previous day, H. M. did not have a bite mark on her face and there was no hair missing from her head. Christensen contacted the Department of Family and Children Services ("DFCS") and the sheriff's office.

Jonathan Shields, a DFCS investigator, and Detective Jackie Williams of the Whitfield County Sheriff's Department responded to the call. Shields testified that he observed the bite mark and the bald spot on H. M.'s head upon arriving at the school; that H. M. told him that the defendant bit her cheek, pulled out her hair, and kicked her in the buttocks; that they were unable to reach H. M.'s mother so they tried to find H. M.'s home; and that they learned that H. M.'s family lived in another county, which caused them to terminate their investigation and contact the Murray County DFCS.

Sean Kean, a Murray County DFCS investigator, and Detective Brett Morrison of the Murray County Sheriff's Department interviewed H. M. that same day. Investigator Kean testified that H. M. told him that Kennedy bit her, kicked her on her buttocks with his boot, and pulled her hair out. She also pleaded with him not to tell her mother or Kennedy. Because he could not locate H. M.'s mother or Kennedy, he obtained immediate custody of H. M. through the juvenile court. When Investigator Kean finally reached H. M.'s mother, she said that H. M. was bitten by another child on the previous day at school, that H. M.'s hair had been thinning for several months, and that H. M. always came home from school with bruises.

Detective Morrison testified that during the time that he questioned Kennedy, he offered different explanations as to how H. M. sustained her injuries, but ultimately made several confessions. He admitted that he accidentally bit H. M. while they were wrestling. He explained that his partial dentures came loose and when he bit down to reset them, he accidentally bit H. M.'s face. Kennedy also confessed that he ripped H. M.'s hair from her head in a fit of rage because she did not tell him that she had thrown up on herself when she was sick.

Finally, he admitted that he probably caused the bruises on H. M.'s back and buttocks by hitting her. Kennedy's taped confession was played to the jury. Detective Morrison described H. M.'s injuries as follows: H. M.'s missing patch of hair was approximately two and one-half inches in width and length; the bite mark on her face was approximately one inch in diameter; and the bruise on her back was approximately one inch long. He also testified that she had two or three older bruises on her back.

Kennedy testified that his confession was coerced. However, he admitted that he told Detective Morrison that it was possible that he bit H. M. while resetting his dentures. Kennedy also testified that he told Detective Morrison that he may have pulled H. M.'s hair when she pulled away from him while in the bathtub but could not recall pulling her hair out from the scalp. In any event, Kennedy maintained that the injuries were accidental. He denied that he ever kicked H. M. in the back or buttocks.

H. M. testified that Kennedy pulled her by her hair when she was in the bathroom, causing her to hurt her face, and that the "boo-boo" was painful, and that he pulled her hair out and bit her because she threw up in the bathtub. H. M. also recalled that Kennedy spanked her and kicked her back and buttocks while wearing boots.

Pursuant to OCGA § 16-5-70 (b), a "person commits the offense of cruelty to children in the first degree when such person maliciously causes a child under the age of 18 cruel or excessive physical or mental pain." Kennedy's sole contention on appeal is that his conviction must be reversed because there was no evidence that he acted maliciously. We disagree.

"For purposes of this Code section, malice in the legal sense imports the absence of all elements of justification or excuse and the presence of an actual intent to cause the particular harm produced, or the wanton and wilful doing of an act with an awareness of a plain and strong likelihood that such harm may result."[3] The defendant's "[i]ntention may be manifest by the circumstances connected with the perpetration of the offense. Intent is a question of fact to be determined upon consideration of words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted."[4] The determination of the defendant's intention is "peculiarly a question for the jury"[5] and its finding of intent will not

---

[3] (Citations omitted.) *Wolf v. State*, 246 Ga. App. 616, 618 (2) (540 SE2d 707) (2000). See also *Kennedy v. State*, 277 Ga. 588, 590 (1) (b) (592 SE2d 830) (2004); *Ferguson v. State*, 267 Ga. App. 374, 376 (1) (599 SE2d 335) (2004).

[4] (Citations omitted.) *Johnson v. State*, 239 Ga. App. 886, 887 (522 SE2d 478) (1999), citing *Sims v. State*, 234 Ga. App. 678, 681 (1) (b) (507 SE2d 845) (1998).

[5] (Citation and punctuation omitted.) *Johnson*, supra at 888.

be disturbed unless it is clearly erroneous.[6]

There was evidence from which the jury could determine that Kennedy intended to harm H. M. Kennedy admitted that he bit and kicked H. M. because he was angry and that he ripped her hair from her scalp in a fit of rage. Kennedy's testimony that H. M.'s injuries were accidental does not warrant the reversal of his conviction. The "jury is authorized to believe or disbelieve all or any part of the testimony of witnesses, and it serves as the arbiter of conflicts in the evidence before it."[7] Here, it obviously chose to believe H. M.'s testimony and Kennedy's earlier confession instead of his testimony at trial. Accordingly, we conclude that the evidence was sufficient to enable a rational trier of fact to find Kennedy guilty beyond a reasonable doubt.[8]

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

DECIDED MARCH 21, 2005.

*Little, Bates & Kelehear, Sam F. Little,* for appellant.

*Kermit N. McManus, District Attorney, Stephen E. Spencer, Assistant District Attorney,* for appellee.

---

[6] *Harris v. State,* 223 Ga. App. 661, 663 (478 SE2d 458) (1996).

[7] (Citation and punctuation omitted.) *Rowe v. State,* 244 Ga. App. 654, 655 (1) (538 SE2d 452) (2000).

[8] See *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).