### A05A0295. JOHNSON v. THE STATE.
(615 SE2d 217)

RUFFIN, Chief Judge.

A jury found Michael Johnson guilty of misdemeanor obstruction of a law enforcement officer and theft by receiving.[1] On appeal, Johnson challenges the sufficiency of the evidence. He also contends that the trial court abused its discretion in denying his motion for mistrial after a witness improperly introduced prejudicial character evidence. As Johnson's allegations of error lack merit, we affirm.

1. On appeal from a criminal conviction, Johnson no longer enjoys a presumption of innocence, and we view the evidence in the light most favorable to the jury's verdict.[2] "We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt."[3]

---

[18] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[1] Johnson was charged both with obstruction "by doing violence" to the officer and with entering an automobile, but was found guilty of the lesser included offenses.

[2] See *Wilson v. State*, 270 Ga. App. 555, 556 (607 SE2d 197) (2004).

[3] Id.

Viewed in this manner, the evidence shows that on October 18, 2002, Velner Chester-Phipps left her cell phone and her pocketbook in her car. Later that day, Dorese Nolan saw Johnson walking down the street, talking on a cell phone. According to Nolan, she jokingly asked whose cell phone Johnson was using, and she asked to see it. Johnson apparently handed Nolan the phone, and she noticed someone else's name on the display.[4] Out of Johnson's earshot, Nolan scrolled through the phone numbers stored in the cell phone and quickly memorized one of the numbers, which happened to be that of Chester-Phipps's daughter. Nolan then called the number from her own cell phone and told the daughter that Johnson had the cell phone. Chester-Phipps subsequently discovered that her car had been broken into and her pocketbook stolen. Chester-Phipps testified that, in addition to her cell phone, her pocketbook contained the cell phone charger, approximately $100, some Heath candy bars, jewelry, and a camcorder.

Chester-Phipps and her husband, Herman Phipps, knew Johnson, who lived in the same neighborhood as Chester-Phipps's parents. Thus, the two went to the police station to report Johnson, but grew tired of waiting for an officer to take their complaint. Chester-Phipps suggested to her husband that they drive around looking for Johnson. While driving, the two saw Johnson, and Chester-Phipps said "there he [is]." Phipps approached Johnson and accused him of breaking into his wife's car. According to Phipps, Johnson took a swing at him before he was able to wrestle Johnson to the ground.

Officer Heather Panter, who was patrolling in the neighborhood, saw the two men fighting and separated them. Phipps then told Panter that Johnson had broken into his wife's car, and Panter grabbed Johnson's arm. Johnson then tried to flee, and Panter "placed him on the ground." Panter testified that while she was placing him on the ground, "he kicked [her] shin and [her] thigh area." After Panter arrested Johnson, she searched him and found a cell phone charger, approximately $85, and a half-eaten Heath bar. Panter testified that the cell phone charger had "the same brand and serial number" as the one taken from Chester-Phipps's car.

At trial, the State presented evidence of a similar transaction. Elizabeth Hamilton testified that in July 2000, she witnessed Johnson breaking into a neighbor's car and called 911. The police apprehended Johnson, who subsequently pleaded guilty to entering an automobile.

The jury found Johnson guilty of theft by receiving and misdemeanor obstruction of a law enforcement officer. On appeal, Johnson

---

[4] Nolan testified that the name was "Ms. Vivian," but subsequent evidence suggested the name might have been listed as Ms. Velner.

contends that the circumstantial evidence was insufficient to support the theft charge because there is no evidence linking him to the break-in of Chester-Phipps's car. With respect to the obstruction charge, Johnson argues that he was authorized to resist the unlawful arrest. We disagree.

Initially, we note that Johnson's argument that there was insufficient evidence that he broke into Chester-Phipps's car is not well-founded. Although Johnson was indicted for entering an automobile with the intent to commit a theft therein, the jury did not convict him of this charge. Rather, the jury found him guilty of theft by receiving, acquitting him of entering an automobile. Thus, the relevant question is whether the evidence is sufficient to show that Johnson was guilty of theft by receiving.

Theft by receiving "takes place when '(a) person . . . receives, disposes of, or retains stolen property which he knows or should know was stolen unless the property is received, disposed of, or retained with intent to restore it to the owner.' "[5] " 'Receiving' means acquiring possession or control or lending on the security of the property."[6]

Here, there is evidence from which a jury could conclude that the items Johnson acquired possession of — the cell phone charger, candy bar, and money — had been stolen from Chester-Phipps's car. While it is true that recent possession of stolen property, by itself, is not sufficient to sustain a conviction for receiving stolen property, "guilt may be inferred from possession along with other evidence — including circumstantial evidence — of guilty knowledge which would excite suspicion in the mind of an ordinarily prudent person."[7] As noted, Johnson attempted to flee from Officer Panter, which may constitute circumstantial evidence of guilt.[8] The similar transaction evidence further links Johnson to the crime.[9] Under the circumstances, the jury was authorized to convict Johnson for theft by receiving.

Similarly, the jury was authorized to find Johnson guilty of misdemeanor obstruction, which consists of knowingly and wilfully obstructing or hindering any law enforcement officer in the lawful discharge of his official duties.[10] Panter's testimony clearly demonstrates that Johnson attempted to hinder her apprehension of him by kicking her. "Based on our conclusion that the arrest was lawful, [Johnson] was not justified in obstructing [Panter], and thus the

---

[5] *Haney v. State*, 261 Ga. App. 136, 138 (1) (581 SE2d 626) (2003).

[6] *DeLong v. State*, 270 Ga. App. 173, 174 (1) (606 SE2d 107) (2004).

[7] *Dawson v. State*, 271 Ga. App. 217, 218 (1) (609 SE2d 158) (2005).

[8] See *Sinclair v. State*, 248 Ga. App. 132, 134 (1) (546 SE2d 7) (2001).

[9] See *Dawson*, supra at 219.

[10] See OCGA § 16-10-24 (a).

evidence supports his conviction for misdemeanor obstruction."[11]

2. Johnson also contends that the trial court abused its discretion in denying his motion for mistrial after Phipps improperly interjected character evidence. Specifically, when asked if he knew Johnson, Phipps responded "I know him . . . as a guy in the neighborhood that breaks into people's cars." Johnson's attorney immediately objected and moved for a mistrial. The trial court sustained the objection and instructed the jury to disregard the testimony, but refused to declare a mistrial. Johnson's lawyer renewed the motion, arguing that the testimony was in violation of a motion in limine. The trial court admonished Phipps for his testimony and asked jurors if any of them felt that they would be unable to disregard the improper comment. When no juror responded affirmatively, the trial court moved forward with the trial.

"Whether to grant a mistrial based on improper character evidence is within the discretion of the trial judge."[12] And this Court has held that, when a witness improperly places a defendant's character in issue by testifying about the defendant's prior convictions or criminal acts, a trial court's decision to give curative instructions is an adequate remedy.[13] It follows that the trial court did not abuse its discretion in denying Johnson's motion for a mistrial.

*Judgment affirmed. Johnson, P. J., and Barnes, J., concur.*

DECIDED MAY 23, 2005.

*Homer Robinson*, for appellant.
*Jeffrey H. Brickman, District Attorney, Barbara B. Conroy, Assistant District Attorney*, for appellee.

---

[11] *Massey v. State*, 267 Ga. App. 482, 484 (600 SE2d 437) (2004).

[12] *Sweeder v. State*, 246 Ga. App. 557, 561 (5) (541 SE2d 414) (2000).

[13] See *Mullins v. State*, 270 Ga. App. 271, 276 (5) (605 SE2d 913) (2004).