## A06A1306. REID v. THE STATE.
(637 SE2d 62)

RUFFIN, Chief Judge.

A jury convicted Naquan Reid of four counts of aggravated assault, four counts of possessing a firearm during the commission of a crime, and one count of first degree criminal damage to property. Reid appeals, challenging the sufficiency of the evidence. He also contends that the trial court abused its discretion in denying his motion for mistrial after a witness improperly introduced prejudicial character evidence. For reasons that follow, we affirm.

On appeal, we view the evidence in a light most favorable to the jury's verdict, and Reid no longer enjoys a presumption of innocence.[1] "We do not weigh the evidence or decide the witnesses' credibility, but only determine if the evidence is sufficient to sustain the convictions."[2] Viewed in this light, the evidence shows that Reid and numerous other men argued with another group of men in a nightclub parking lot on May 7, 2000 at approximately 2:45 a.m. Several men, including Reid, pulled out guns and fired toward the second group of men. As a result, four men sustained bullet wounds, and a vehicle was damaged.[3]

One of the victims, Salathia Warren, approached two police officers immediately after the shooting, racially described his assailant, and said that the man wore a "multi-colored red Hawaiian shirt." As he was being treated for his injuries at the hospital, Warren identified another man — not Reid — as the shooter.[4] However, Warren specifically identified Reid in a photographic lineup as the man that he saw fire a gun the evening of the shootings.

After speaking with witnesses, authorities found Reid with several other men at a residence and arrested him. The police also found several guns at the house, including a gun used in the nightclub shooting.

At trial, Warren testified unequivocally that he observed Reid fire a gun toward the second group of men and that Reid was wearing a Hawaiian shirt and had gold teeth at that time. Another victim, Jason Ivey, testified that he saw a tall male with a dark complexion and gold teeth, who was wearing a Hawaiian shirt fire a gun. Reid testified and admitted that he was present at the nightclub the evening of the shootings, but denied firing a gun or having any involvement in the shootings. Tiffany Scott, Reid's girlfriend, testified that she saw Reid at her sister's house at 2:00 a.m. or 3:00 a.m. on the date of the incident and he did not mention anything about the shootings.

One of Reid's friends, Corey Clark, told an assistant district attorney that on the day after the shooting, Reid said that "he had to shoot people that night." Clark "begged" the assistant district attorney not to force him to testify at trial because he was scared of Reid

---

[1] See *Clark v. State*, 271 Ga. App. 534 (1) (610 SE2d 165) (2005).

[2] Id.

[3] The indictment alleged that Reid and two other men committed aggravated assault "by participating in a mutual assault by firing said weapon into a crowd," resulting in injuries to four men. Reid's trial was severed from that of his two co-defendants.

[4] The investigator testified that Warren had previously identified another individual who went by the street name "Wild Man" as the shooter. At trial, Warren denied seeing "Wild Man" with a gun at the time of the shooting.

and feared for his own safety and that of his family and girlfriend. At trial, Clark denied that Reid made any statements about the shooting and denied that he was afraid of Reid, and stated that he lied to the authorities because they threatened to charge him with the shootings if he failed to implicate Reid.

1. Reid claims that the evidence was insufficient to support his conviction, referring to inconsistencies in the evidence and the lack of credibility of the witnesses. Specifically, Reid points to the inconsistencies in Warren's identification of Reid, the fact that several of the victims were unable to identify the shooter, Reid's girlfriend's testimony that she was with him at the time of the shooting, and Clark's trial testimony in which he denied that Reid admitted any involvement in the shooting.

"When evaluating the sufficiency of evidence, the proper standard for review is whether a rational trier of fact could have found the defendant guilty beyond a reasonable doubt."[5] We do not resolve conflicts in the testimony or weigh evidence.[6] In this case, the State presented sufficient evidence to allow a rational trier of fact to find Reid guilty beyond a reasonable doubt. Warren identified Reid in a photographic lineup and at trial as the shooter. We will not speculate which testimony the jury chose to believe or discredit.[7] Notwithstanding the testimony of Reid's girlfriend and Clark, the jury was certainly entitled to believe Warren's trial testimony.[8] "The testimony of a single witness is generally sufficient to establish a fact."[9]

Here, however, there was also additional evidence to support the jury's verdict. Ivey testified that a man with gold teeth and wearing a Hawaiian shirt fired a gun, and Warren testified that Reid — one of the men he saw fire a gun — had gold teeth and wore a Hawaiian shirt that evening. Authorities seized the gun used in the shooting in the house where, and at the same time, they located and arrested Reid. And, although Clark recanted his statement at trial, his prior inconsistent statement to the assistant district attorney that Reid admitted that he "had to shoot people that night," was properly admitted as substantive evidence.[10] Accordingly, we conclude that the evidence

---

[5] *Dean v. State*, 273 Ga. 806 (1) (546 SE2d 499) (2001) (citing *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979)).

[6] See id.

[7] See *Burton v. State*, 225 Ga. App. 217 (1) (483 SE2d 658) (1997).

[8] See OCGA § 24-9-80 ("The credibility of a witness is a matter to be determined by the jury under proper instructions from the court."); see also *Acey v. State*, 281 Ga. App. 197 (1) (635 SE2d 814) (2006).

[9] OCGA § 24-4-8; see also *Pringle v. State*, 281 Ga. App. 230 (1) (635 SE2d 843) (2006) (victim's uncorroborated identification of an assailant is sufficient to sustain a conviction).

[10] See *Claritt v. State*, 280 Ga. App. 384, 385 (1) (634 SE2d 81) (2006) (witness' prior statement to police admissible as substantive evidence as a prior inconsistent statement when

was sufficient for a rational trier of fact to find beyond a reasonable doubt that Reid was guilty of the charged offenses.

2. In his second enumeration of error, Reid contends that the trial court abused its discretion in denying his motion for mistrial after Clark improperly interjected character evidence. Specifically, when asked whether he was friends with Reid, Clark responded that "[w]e hung together and smoked weed together so he [is] all right with me." Reid's attorney immediately objected and requested a mistrial. The trial court refused to grant a mistrial, but instructed the jury that

> anything that this witness may have said that may have reflected upon the [d]efendant as part of maybe violating some law [that is] not related to this thing, I want you to totally disregard it. There may have been some reference to weed or something. There may have been reference to a drug. I want you to disregard that. It has no relevancy in this case, and you should not consider it in any way as any kind of evidence or testimony.

After the curative instruction, Reid's attorney renewed his motion, which the trial court denied.

"The denial of a motion for mistrial is a matter largely within the discretion of the trial judge, and unless it is apparent that a mistrial is essential to the preservation of the right to a fair trial, we will not interfere with that discretion."[11] This Court has previously held that, "when a witness improperly places a defendant's character in issue by testifying about the defendant's prior convictions or criminal acts, a trial court's decision to give curative instructions is an adequate remedy."[12] Under the circumstances of this case, the curative instruction given by the trial court was an adequate remedy.[13] It follows that the trial court did not abuse its discretion in denying Reid's motion for a mistrial.

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED SEPTEMBER 21, 2006.

---

witness essentially denies ever giving the statement to the police). In addition, we note that Clark's claim that he never advised the authorities that Reid admitted his involvement in the shooting is at odds with his contention that he lied to the authorities about Reid's involvement to avoid being charged with the crime.

[11] (Punctuation omitted.) *Mullins v. State*, 270 Ga. App. 271, 276 (5) (605 SE2d 913) (2004).

[12] *Johnson v. State*, 273 Ga. App. 386, 389 (2) (615 SE2d 217) (2005).

[13] See *Mullins*, supra (curative instruction adequate to remedy a reference to a defendant "buying dope").

*Jacque D. Hawk*, for appellant.

*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.