A06A2386. FERRELL v. THE STATE.
(641 SE2d 658)

RUFFIN, Judge.
A jury found Michael Bruce Ferrell guilty of battery, aggravated battery, aggravated assault, cruelty to children in the second degree, and two counts of cruelty to children in the first degree.[1] Ferrell appeals, challenging the sufficiency of the evidence with respect to

---

[1] The jury also found him guilty of battery as a lesser included charge of kidnapping and battery under the Family Violence Act. Ferrell does not challenge these convictions on appeal.

the aggravated battery, aggravated assault, and cruelty charges. He also argues that the trial court erred in charging the jury. Finding no error, we affirm.

1. On appeal from a criminal conviction, we view the evidence in a light most favorable to the verdict, and Ferrell no longer enjoys a presumption of innocence.[2] We neither weigh the evidence nor judge the credibility of witnesses, but only determine whether the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt.[3] Viewed in this manner, the evidence shows that in May 2004, Angela Wolford moved in with Ferrell and his mother, Mary Jane Ferrell. Approximately two weeks later, Wolford and Ferrell became romantically involved.

On June 17, 2004, two of Wolford's sons — Tyler, age 13, and McKenzie, age 11 — were visiting Wolford at Ferrell's home. Ferrell and Wolford began arguing after dinner. Wolford entered Ferrell's room, and McKenzie heard "knocking around and a lot of commotion." McKenzie subsequently observed Ferrell on top of Wolford, pinning her down by the arms. Wolford tried to rise, but Ferrell restrained her. McKenzie yelled at Ferrell, telling him to get off Wolford. McKenzie testified that, after Ferrell got off Wolford, she was "real woozy, and she had . . . a big hand print on the . . . left side of her face."

McKenzie helped his mother stand up and walk outside. After they got outside, Ferrell resumed yelling at Wolford, who tried to run. McKenzie testified that Ferrell grabbed his mother, threw her to the ground, and repeatedly hit her face with his closed fist, using his "full force." Wolford lost consciousness after the first or second blow, but Ferrell continued to punch her. In an attempt to defend his mother, McKenzie jumped on Ferrell's back and hit him in the face. Ferrell then "slammed" McKenzie to the ground. McKenzie shielded his mother's face, and Ferrell's blows struck the child.

After the police were summoned, Ferrell lifted the unconscious Wolford, "flung her over his shoulder," and carried her into the house. Deputy John Bole responded to the call and discovered McKenzie crying, with bloodstains on his clothes. Bole then observed Wolford lying unconscious on a mattress on the floor of a bedroom. According to Bole, Wolford had "a laceration above her left eye, the left side of her face [was] very swollen and sticking out," she was bleeding from her nose and ear, and her clothes were torn. When Wolford did not respond to Bole's attempts to wake her, he called an ambulance.

Tyler testified that Wolford was bleeding heavily, had a large cut where Ferrell struck her, and had a swollen face. According to

---

[2] See *Clark v. State*, 271 Ga. App. 534 (1) (610 SE2d 165) (2005).
[3] See *Reid v. State*, 281 Ga. App. 640, 641 (637 SE2d 62) (2006).

McKenzie, the "whole left side of [Wolford's] face was just swollen and black and purple, and blood was all over her face." McKenzie sustained a large bruise when Ferrell threw him to the ground, and Bole observed him limping. Wolford was treated at the hospital for a laceration over her left eyebrow and multiple facial fractures, including her eye socket and left cheekbone.

Finally, Wolford testified that both Tyler and McKenzie had exhibited symptoms of tremendous emotional damage, including fear, crying, trouble sleeping, and problems in school. Based on this evidence, the jury found Ferrell guilty of battery, aggravated battery, aggravated assault, cruelty to children in the second degree, and two counts of cruelty to children in the first degree.

2. Ferrell challenges his convictions for aggravated battery, aggravated assault, and cruelty to children, arguing that there is insufficient evidence to support these convictions.

### Aggravated Battery

A person commits the offense of aggravated battery when he maliciously causes bodily harm to another by seriously disfiguring her body.[4] "Serious disfigurement refers to gravely or greatly impairing or injuring the appearance of a member of a victim's body, even if only temporarily."[5] Although the indictment alleged that Ferrell committed aggravated battery by seriously disfiguring Wolford's facial bones, he contends that there was insufficient evidence of disfigurement. We disagree.

At trial, Wolford testified that her eye socket was broken in three places, causing her eyeball to recede into her head. She also broke her cheekbone and her nose in two places each, she broke four ribs, and her adenoids and eardrums burst. Wolford's injuries required her to undergo multiple surgeries, including having wires placed in her cheekbone and eye socket, her eye pulled back into place, and a plastic implant placed behind her eye. "Whether the injuries were seriously disfiguring was a jury question."[6] The jury was authorized to find that Wolford's facial injuries constituted serious disfigurement.[7]

---

[4] See OCGA § 16-5-24 (a).

[5] *Byrd v. State*, 251 Ga. App. 83, 84 (1) (553 SE2d 380) (2001).

[6] *Holloway v. State*, 269 Ga. App. 500, 503 (2) (604 SE2d 844) (2004).

[7] See id.; *Parnell v. State*, 280 Ga. App. 665, 667-668 (1) (c) (634 SE2d 763) (2006); *Johnson v. State*, 260 Ga. App. 413, 415-416 (1) (579 SE2d 809) (2003) (broken nose is sufficient to prove disfigurement); *Code v. State*, 255 Ga. App. 432, 433 (1) (565 SE2d 477) (2002) (broken jaw is sufficient to support aggravated battery conviction).

## Aggravated Assault

Although Ferrell's argument is not entirely clear, he seems to suggest that the evidence supports, at most, a conviction for battery. Again, we disagree.

Under OCGA § 16-5-21 (a), "[a] person commits the offense of aggravated assault when he . . . assaults [another] . . . with a deadly weapon or with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury." Although fists are not, per se, deadly weapons, "a jury may find them to be deadly depending upon their use, wounds inflicted, and other surrounding circumstances."[8] Here, given that Ferrell beat Wolford with his fists until she was rendered unconscious, fracturing bones in her face, the jury was authorized to find him guilty of aggravated assault.[9]

Ferrell also maintains that the rule of lenity requires that he be sentenced for a misdemeanor because the battery statute and the aggravated assault statute provide two possible grades of punishment for the same offense. "The rule of lenity entitles the accused to the lesser of two penalties where the *same* conduct would support either a felony or a misdemeanor conviction."[10] Here, Ferrell contends that the rule of lenity applies to his sentences for Count 3, aggravated assault, and Count 2, aggravated battery. Aggravated assault and aggravated battery are both felonies.[11] "Differing 'grades' of punishment therefore were not involved."[12] Thus, the rule of lenity does not apply to Counts 2 and 3.[13]

## First Degree Cruelty to Children

Ferrell challenges his two convictions for cruelty to children in the first degree against McKenzie, arguing there was no evidence that he acted maliciously. In particular, Ferrell asserts that his actions were justified because McKenzie jumped on his back.

Pursuant to OCGA § 16-5-70 (b), a "person commits the offense of cruelty to children in the first degree when such person maliciously causes a child under the age of 18 cruel or excessive physical or mental pain." " 'For purposes of this Code section, malice in the legal

---

[8] (Punctuation omitted.) *Wheeler v. State*, 232 Ga. App. 749, 749-750 (503 SE2d 628) (1998).

[9] See id.; *Dixon v. State*, 268 Ga. 81, 82 (1) (485 SE2d 480) (1997).

[10] (Punctuation omitted; emphasis in original.) *Johnson v. State*, 283 Ga. App. 99, 107 (5) (640 SE2d 644) (2006); see *Dixon v. State*, 278 Ga. 4, 7 (1) (d) (596 SE2d 147) (2004).

[11] See OCGA §§ 16-5-21 (aggravated assault); 16-5-24 (a) (aggravated battery).

[12] *Webb v. State*, 270 Ga. App. 817, 819 (2) (608 SE2d 241) (2004).

[13] See id.

sense imports the absence of all elements of justification or excuse and the presence of an actual intent to cause the particular harm produced, or the wanton and wilful doing of an act with an awareness of a plain and strong likelihood that such harm may result.' "[14] Whether a defendant intended his actions is a question of fact to be determined by the jury "upon consideration of words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted."[15] We will affirm the jury's finding of intent unless clearly erroneous.[16]

The indictment charged Ferrell with maliciously causing McKenzie cruel and excessive pain by throwing him to the ground and by striking him with his hand. The undisputed evidence shows that Ferrell was punching McKenzie's unconscious mother in the face with his fist when 11-year-old McKenzie jumped on his back. Ferrell grabbed McKenzie and slammed him to the ground. Then, after McKenzie leaned over his mother to protect her face from Ferrell's continued attack, Ferrell struck him. Having reviewed the evidence in a light most favorable to the verdict, we conclude that there was sufficient evidence to support the jury's finding that Ferrell acted maliciously and without justification.[17]

## Second Degree Cruelty to Children

The indictment alleged that Ferrell committed second degree cruelty to children by intentionally allowing Tyler and McKenzie to witness his attack on their mother. Ferrell argues that there was insufficient evidence that he was aware of the children's presence. Specifically, he maintains that "the focus of [his] attention was clearly on . . . Wolford, and there was no evidence that he acknowledged or even noticed the presence of Tyler at all, or of McKenzie until McKenzie jumped on his back."

Under Georgia law, a "person commits the offense of cruelty to children in the second degree when . . . [s]uch person, who is the primary aggressor, having knowledge that a child under the age of 18 is present and sees or hears the act, commits a forcible felony, battery, or family violence battery."[18] Here, Tyler and McKenzie were outside

---

[14] *Kennedy v. State*, 272 Ga. App. 347, 349 (612 SE2d 532) (2005).

[15] (Punctuation omitted.) Id.

[16] See id.

[17] See id.

[18] Former OCGA § 16-5-70 (c) (2). The statute was amended in 2004, and now provides that a primary aggressor who commits a forcible felony, battery, or family violence battery, with knowledge that a child under the age of 18 is present and hears or sees the act, commits a *third degree* felony. OCGA § 16-5-70 (d) (2).

with Wolford when Ferrell came out and began punching her. After he threw McKenzie to the ground, with Tyler watching, Ferrell continued to strike Wolford. The undisputed evidence is that the children were present during and witnessed Ferrell's attack on their mother. The jury was not required to accept Ferrell's argument that he was too engrossed in beating Wolford to appreciate the presence of her two children.[19]

3. Ferrell contends that the trial court erred in charging the jury on aggravated battery. He argues that the jury, having been read the statute in its entirety, could find him guilty of the crime in a manner not alleged in the indictment. Specifically, the court instructed the jury that "a person commits the offense of aggravated battery when he or she maliciously causes bodily harm to another person by depriving that person of a member of his or her body or a member thereof." The indictment, however, alleged that Ferrell committed aggravated battery on Wolford by "seriously disfiguring a member of her body, to wit: her facial bones by striking her about the face."

"When an indictment specifies the commission of a crime by only one of several methods possible under the statute, but the court charges the entire Code section, the deviation may violate due process unless a limiting instruction is given."[20] In determining whether the instruction sufficiently limited the jury's consideration to the charges in the indictment, we review the jury charge as a whole.[21] Here, the trial court instructed the jury that the indictment framed the issue to be tried and that the State bore the burden of proving "every material allegation of the indictment" beyond a reasonable doubt. The trial court also provided the jury with the indictment during deliberation. Furthermore, during its deliberation, the jurors specifically requested clarification on the aggravated battery charge, and the trial court properly instructed them that "a person commits the offense of aggravated battery when he or she maliciously causes bodily harm to another person by seriously disfiguring his or her body or a member thereof." Accordingly, the court's charge presents no basis for reversal.[22]

The case cited by Ferrell, *Hopkins v. State*,[23] does not require a different result. In that case, the trial court expressly instructed jurors that they could find the defendant guilty for committing the

---

[19] See *Alexander v. State*, 274 Ga. 787, 789-790 (1) (c) (561 SE2d 64) (2002); *Hopkins v. State*, 255 Ga. App. 202, 206 (3) (564 SE2d 805) (2002); *Reyes v. State*, 250 Ga. App. 769, 770 (552 SE2d 918) (2001); *Bartlett v. State*, 244 Ga. App. 49, 51 (537 SE2d 362) (2000).

[20] *Hammonds v. State*, 263 Ga. App. 5, 7 (2) (587 SE2d 161) (2003).

[21] See *Bryant v. State*, 249 Ga. App. 383, 384 (1) (547 SE2d 721) (2001).

[22] See id.

[23] Supra.

crime in a manner other than that alleged in the indictment. Under those unique circumstances, we found the limiting instruction insufficient to cure the improper charge as a reasonable possibility existed that the defendant was found not guilty for an offense for which he was not charged.[24] Unlike in *Hopkins*, there is no suggestion that the trial court expressly stated that Ferrell could be found guilty of battery in a manner other than that alleged in the indictment. It follows that this claim of error also lacks merit.

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED FEBRUARY 6, 2007.

*Kathleen J. Anderson*, for appellant.

*Timothy G. Madison, District Attorney, Robin R. Riggs, Assistant District Attorney*, for appellee.