A07A1762. LONDON v. THE STATE.
(656 SE2d 180)

MIKELL, Judge.

Following a jury trial, Johnny London was convicted of driving under the influence of alcohol to the extent he was a less safe driver, driving with an unlawful alcohol concentration, and leaving the scene of an accident. On appeal, London challenges the sufficiency of the evidence supporting his conviction for leaving the scene of an accident and contends that the trial court erred in failing to charge the jury on justification. We affirm.

> On appeal from a criminal conviction, the evidence is viewed in a light most favorable to the verdict. We do not weigh the evidence or determine witness credibility but only determine whether the evidence is sufficient under the standard of *Jackson v. Virginia*.[1] The verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[2]

---

[1] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[2] (Punctuation and footnotes omitted.) *Ojemuyiwa v. State*, 285 Ga. App. 617 (647 SE2d 598) (2007).

So viewed, the evidence shows that on April 7, 2006, at approximately 5:30 p.m., Matt Joiner was driving on the Loop 10 bypass in Athens-Clarke County when he rear-ended a Buick Regal driven by London. At trial, Joiner identified London, a black male, as the driver of the Buick and testified that a white woman, Kim Mullinax, was in the passenger seat. Joiner immediately called police from his cell phone to report the accident. After London and Mullinax exited the Buick, they approached Joiner, who was in his vehicle, and asked him not to call police. London also asked Joiner to tell police that "the lady was driving." Joiner noticed a strong odor of alcohol on London's breath and testified that he appeared drunk. A short time later, Mullinax left in a Chevy Silverado that had stopped at the scene, and London drove off in the Buick. Joiner testified that he followed the Buick for approximately two to three miles until it was stopped by Officer Kenneth Beavers of the Athens-Clarke County Police Department. According to Joiner, London drove off the shoulder of the road to avoid the rush-hour traffic backed up on the Loop and exited the Loop onto Peter Street.

Beavers testified that shortly before 6:00 p.m., on April 7, 2006, he received a call that there had been an accident on the bypass, that the first car had left the scene, and that the second car was following the first. Beavers explained that both cars stopped just off the Loop on Peter Street and that he pulled up beside them. When he walked over to the first car, Beavers noticed that the driver, London, had bloodshot eyes and slurred speech, that he wobbled in his seat, and that his breath smelled of alcohol. Beavers called Officer Geoff Walsh, who arrived within minutes, to continue the investigation.

A video camera in Walsh's vehicle recorded his interaction with London, and the tape was played for the jury. Walsh noticed that London smelled strongly of alcohol, that his eyes were red, and that he was unsteady on his feet. London admitted to drinking earlier in the day and also told Walsh that he should not have been driving but that he did not want to leave his car on the side of the road. London told Walsh that Mullinax had been driving at the time of the accident. London refused to take field sobriety tests. Walsh concluded that London was less safe to drive and placed him under arrest. Walsh then read the implied consent notice to London, who agreed to a breath test. Walsh performed the test on the Intoxilyzer 5000 and obtained two breath samples from London; the results were 0.202 and 0.206.

At trial, London testified that Mullinax was driving his car at the time of the accident; that he was in the passenger seat; and that she changed seats immediately after the accident, jumping into his lap. According to London, he then moved toward the steering wheel and exited the vehicle from the driver's side. London testified that he sat

on the grass with Joiner for approximately 20 to 50 minutes waiting for the police and then decided to move his car "because I didn't want it to get hit, and I didn't want anyone else to get hurt in their own car by hitting mine. It was partially in the road and partially on the grass, and that was a . . . safety reason." London testified that he drank one beer before getting in the car with Mullinax and that he had moved his car 3/4 of a mile before Beavers showed up. London subsequently testified that he was stopped two miles from the scene of the accident and that he was not impaired at the time he drove.

1. London contends that the trial court erred by refusing to give his requested charge on justification. He argues that the charge was proper because he was justified in moving his vehicle from the scene of the accident for safety reasons.

The defense of justification is an affirmative defense, meaning that the defendant admits the act but seeks to justify, excuse, or mitigate it.[3] "The defendant must admit the crime before he can raise the defense."[4] Moreover, "a jury instruction must be adjusted to the evidence and embody a correct, applicable, and complete statement of law. When a requested charge is confusing, inappropriate, or not authorized by the evidence, denial of the request is proper."[5] "Whether the evidence presented is sufficient to authorize the giving of a charge is a question of law."[6]

Although London admitted to driving after the accident, he contested the state's claim that he was impaired and challenged the results of the Intoxilyzer. Accordingly, he was not entitled to assert the defense of justification. In any event, a justification charge was not warranted by the evidence. London claims that he moved his vehicle to prevent injury to others. However, this contention is belied by the record, which demonstrates that he jumped in his vehicle after Joiner told him that he already had called police, drove off the road on the shoulder and around cars, fled two miles from the scene, and stopped only when he was pulled over by police. Under these circumstances, we find no error in the trial court's refusal to charge on the defense of justification.[7]

---

[3] *Code v. State*, 255 Ga. App. 432, 434 (4) (565 SE2d 477) (2002).

[4] (Footnote omitted.) Id.

[5] (Footnotes omitted.) *Buckalew v. State*, 249 Ga. App. 134, 138 (5) (547 SE2d 355) (2001).

[6] (Citations and punctuation omitted.) *Moon v. State*, 244 Ga. App. 443, 446 (3) (535 SE2d 771) (2000).

[7] See *Smith v. State*, 250 Ga. App. 532, 535 (1) (552 SE2d 499) (2001) (defendant's DUI violation not justified by alleged attack on defendant by another motorist, where defendant was DUI before alleged attack that caused him to strike utility pole); *Buckalew*, supra (justification charge not warranted in boating under the influence prosecution where there was no evidence of imminent danger to anyone's safety); *Moon*, supra (justification charge not warranted where defendant's decision to take truck to get to clinic for his methadone treatment, after suffering

2. London also contends that the evidence was insufficient as a matter of law to sustain his conviction for leaving the scene of an accident because the record shows that he stopped at the scene, provided his name to Joiner, and waited for police for 20 to 50 minutes. London argues that the fact that he later moved his car for safety reasons "does not discount the fact that he complied with the requirements of OCGA § 40-6-270."

OCGA § 40-6-270 (a) requires that

> [t]he driver of any vehicle involved in an accident resulting in . . . damage to a vehicle . . . shall immediately stop such vehicle at the scene of the accident or shall stop as close thereto as possible[,] . . . shall . . . [g]ive his name and address and the registration number of the vehicle he is driving[, and] [u]pon request and if it is available, exhibit his operator's license to the person struck or the driver or occupant of or person attending any vehicle collided with. . . . The driver shall in every event remain at the scene of the accident until fulfilling the requirements of this subsection.

Although London claims that he complied with the requirements of OCGA § 40-6-270 (a), there is no evidence to that effect. On the contrary, the evidence clearly shows that London left the scene without providing the mandatory identifying information to Joiner. The fact that London testified at trial to a different version of events is immaterial. "Resolving conflicts in the testimony of witnesses and weighing the evidence are functions for the jury, not for this Court on appeal."[8] We conclude that the evidence was sufficient for any rational trier of fact to find London guilty beyond a reasonable doubt of leaving the scene of an accident.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED DECEMBER 14, 2007.

*Donarell R. Green IV,* for appellant.

---

heroin withdrawal, was not only option available to him). But see *Tarvestad v. State,* 261 Ga. 605 (409 SE2d 513) (1991) (in prosecution for habitual violator based on driving without a license, justification charge warranted where evidence showed that defendant drove because his wife was experiencing labor pains and could not drive herself).

[8] (Punctuation and footnotes omitted.) *Beckom v. State,* 286 Ga. App. 38, 40 (1) (648 SE2d 656) (2007).

*Carroll R. Chisholm, Jr., Solicitor-General, Keenan R. Howard, Assistant Solicitor-General*, for appellee.