### A11A0564. PULLIAM v. THE STATE.
(711 SE2d 21)

MIKELL, Judge.

Joey Lee Pulliam was found guilty by a jury of leaving the scene of an accident which resulted in serious injury (Count 1, a felony under OCGA § 40-6-270 (b)) and leaving the scene of an accident resulting in damage to a vehicle (Count 2, a misdemeanor under OCGA § 40-6-270 (c) (1)).[1] After a hearing, the trial court denied Pulliam's motion for new trial, and Pulliam appeals, asserting that the victim's testimony as to his own injuries was inadmissible; that the indictment as to the felony count was fatally insufficient; and that the trial court erred in denying Pulliam's motion for a directed

---

[1] The state entered a nolle prosequi on the third count of the indictment, driving with a suspended or revoked license.

verdict. Discerning no error, we affirm.

Viewed in a light most favorable to the verdict,[2] the evidence shows that on March 2, 2007, while driving his truck, Pulliam ran through a stop sign and struck another vehicle, driven by John Thomas Moss. The collision occurred with such force that Pulliam's truck ended up in an embankment and Moss's vehicle became airborne, landing with Moss pinned inside his vehicle. One witness, a passenger in Pulliam's truck, testified that after the accident occurred, he could hear Moss screaming. The officer investigating the accident testified that Moss suffered cuts and lacerations and was bleeding, and that he could not move.

After the accident, Pulliam told one of his passengers that "he was leaving and that we could stay there if we wanted to, but he was leaving." Pulliam left the scene of the accident within three minutes after its occurrence and did not return. He did not provide his information or make any effort to check on the driver of the other vehicle or to render assistance.

Pulliam, testifying at trial, admitted that he was going too fast, ran a stop sign, and "t-boned" a car; and that "it was a major wreck." He explained that the driver's side airbag in his vehicle deployed, triggering an asthma attack; and that when he could not find his inhaler in his truck, he told one of his passengers to check on the other driver and to give the officer all of his information, because he had to go home to get his inhaler. Pulliam testified that he made sure that "the gentleman was being tended to" and that 911 was called "for the people injured in the wreck." He admitted that he left the scene and did not return.

1. Pulliam contends that the trial court erred in denying his motion in limine seeking to exclude Moss's testimony as to the injuries received in the accident, on the grounds that as a layman, Moss was not competent to give a medical opinion.

Moss testified that when Pulliam's truck hit his car, the door panel hit him in the side and that he was "gasping for air because [he] was having trouble breathing." He was transported directly to the hospital from the accident scene, and he was in an ICU for four days. Moss further testified, "I had several rib fractures. I had a pulmonary contusion which is a punctured lung. And I had problems with my hip at the time. I spent eight months in the bed."

Although "[a] lay witness is not competent to give what amounts to a medical opinion relative to his injuries or the effect thereof,"[3] this Court has ruled that "victims . . . are competent to testify as to

---

[2] *London v. State*, 289 Ga. App. 17 (656 SE2d 180) (2007).

[3] (Citation omitted.) *Jones v. State*, 294 Ga. App. 564, 566 (2) (669 SE2d 505) (2008).

the injuries they suffered during an assault,"[4] including broken bones.[5] Thus, the trial court did not err in permitting Moss to testify as to his broken ribs.[6]

Further, even if Moss's testimony that "I had a pulmonary contusion which is a punctured lung" constitutes a medical opinion which a lay witness is not competent to give, Pulliam has failed to show reversible error, in light of the overwhelming evidence of his guilt.[7]

2. Pulliam asserts that the trial court erred in denying his pre-trial demurrer to Count 1 of the indictment, the felony count, which he contends was fatally defective in failing to provide a description of the victim's injuries and in failing to allege that the accident was the "proximate cause" of his injuries. We disagree.

Count 1 of the indictment charged Pulliam

> with the offense of FAILURE TO STOP AT OR RETURN TO SCENE OF ACCIDENT (OCGA § 40-6-270) in that the said accused, in the State of Georgia and County of Gwinnett, on the 2nd day of March, 2007, being the driver of a vehicle involved in an accident resulting in serious injury to John Moss, did then and there unlawfully fail to stop his vehicle immediately and return to the scene of the accident, and did fail to render to said person reasonable assistance, contrary to the laws of said State, the peace, good order and dignity thereof.

In determining the sufficiency of an indictment to withstand a general demurrer, the following test is applied:

> If all the facts which the indictment charges can be admitted, and still the accused be innocent, the indictment is bad;

---

[4] *Watson v. State*, 301 Ga. App. 824, 826 (689 SE2d 104) (2009) (victim of aggravated assault testified to broken fingers and injuries to head and spine resulting from attack by defendant), citing *Jones*, supra at 567 (2) (victim testified that her right jawbone was fractured during attack).

[5] See *Ferrell v. State*, 283 Ga. App. 471, 473 (2) (641 SE2d 658) (2007) (victim testified to injuries including eye socket broken in three places, broken cheekbone and nose, and four broken ribs); *Code v. State*, 255 Ga. App. 432 (1) (565 SE2d 477) (2002) (victim testified to jaw broken in two places).

[6] See *Ferrell*, supra.

[7] See *Manning v. State*, 231 Ga. App. 584, 585 (2) (499 SE2d 650) (1998) (admission of medical records, even if hearsay, did not constitute reversible error where evidence of guilt was overwhelming). See also *Tucker v. State*, 222 Ga. App. 517 (1), 519 (4) (474 SE2d 696) (1996) (victim's testimony that knife wounds seriously damaged his internal organs, even if inadmissible as a medical diagnosis, was merely cumulative of other admissible evidence of victim's injuries and therefore did not constitute reversible error).

but if, taking the facts alleged as premised, the guilt of the accused follows as a legal conclusion, the indictment is good. An indictment which charges the offense in the language of the defining statute and describes the acts constituting the offense sufficiently to put the defendant on notice of the offense with which he is charged survives a general demurrer.[8]

Under this test, Count 1 of the indictment is sufficient, because the facts alleged in Count 1, if established, constitute a violation of OCGA § 40-6-270 as a matter of law. Under subsection (b) of this Code section, if an accident is "the proximate cause of death or a serious injury," then "any person knowingly failing to stop and comply with the requirements of [OCGA § 40-6-270 (a)] shall be guilty of a felony."[9]

The allegation in the indictment that this was "an accident *resulting in* serious injury to John Moss" adequately asserted proximate cause.[10] Further, the allegation of "serious injury to John Moss" sufficiently stated the offense in the terms and language of the statute. This indictment was sufficient to put Pulliam on notice of the crime with which he was charged; and he could not admit the facts as charged in the indictment and still be innocent of committing the offense of a violation of OCGA § 40-6-270.[11] The fact that the injuries to Moss were not set forth with specificity in the indictment does not render it insufficient. As this Court has often stated,

[t]he true test of the sufficiency of an indictment is not whether it could have been more definite, but whether it contains the elements of the offense charged, sufficiently informs the defendant of the charges so that he can present his defense without being surprised by the evidence and

---

[8] (Citation omitted.) *Bishop v. State*, 266 Ga. App. 129, 131 (2) (596 SE2d 674) (2004). See OCGA § 17-7-54 (a) ("Every indictment . . . which states the offense in the terms and language of this Code or so plainly that the nature of the offense charged may easily be understood by the jury shall be deemed sufficiently technical and correct"); *Dunbar v. State*, 209 Ga. App. 97, 98 (2) (432 SE2d 829) (1993).

[9] OCGA § 40-6-270 (b). In any accident involving death or injury, OCGA § 40-6-270 (a) requires the driver of any vehicle involved to stop immediately "at the scene of the accident" or "as close thereto as possible"; to provide certain information (OCGA § 40-6-270 (a) (1), (2)); and to "[r]ender to any person injured in such accident reasonable assistance" (OCGA § 40-6-270 (a) (3)). Further, OCGA § 40-6-270 (a) specifically provides that "[t]he driver shall in every event remain at the scene of the accident until fulfilling the requirements of this subsection."

[10] *Tidwell v. State*, 216 Ga. App. 8, 10 (1) (453 SE2d 64) (1994).

[11] *Hovis v. State*, 260 Ga. App. 278, 281 (1) (a) (582 SE2d 127) (2003).

protects him against another prosecution for the same offense.[12]

"In this case, the indictment sufficiently informed [Pulliam] of the offense that he needed to defend against and fully protected him against any subsequent prosecution for the same offense."[13] Therefore, the trial court did not err in denying Pulliam's demurrer to the indictment.

3. Pulliam asserts that the trial court erred in denying his motion for directed verdict. This enumeration is without merit.

"In reviewing the denial of a directed verdict of acquittal, we employ the same test used to determine sufficiency of the evidence."[14] Applying that standard, we view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence.[15] We do not weigh the evidence or judge the credibility of witnesses, but determine only if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the offense charged beyond a reasonable doubt.[16] Moreover, "conflicts in the testimony of witnesses, including the [s]tate's witnesses, are a matter of credibility for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the [s]tate's case, the jury's verdict will be upheld."[17]

Applying this standard to the case before us, we conclude that the evidence adduced at trial provided ample authority for the jury to find Pulliam guilty of the offenses charged beyond a reasonable doubt.[18] The trial court did not err in denying Pulliam's motion for directed verdict.

*Judgment affirmed. Smith, P. J., and Dillard, J., concur.*

DECIDED APRIL 15, 2011 —
RECONSIDERATION DENIED MAY 4, 2011.

*David S. Cason*, for appellant.
*Daniel J. Porter, District Attorney, Sabrina Nizamuddin, Karen*

---

[12] (Footnote omitted.) *Harridge v. State*, 243 Ga. App. 658, 664 (5) (534 SE2d 113) (2000).

[13] Id.

[14] *Fluellen v. State*, 284 Ga. App. 584 (644 SE2d 486) (2007) (whole court), citing *Joyner v. State*, 280 Ga. 37, 38 (1) (622 SE2d 319) (2005).

[15] *Al-Amin v. State*, 278 Ga. 74 (1) (597 SE2d 332) (2004).

[16] Id., citing *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[17] (Punctuation omitted.) *Williams v. State*, 287 Ga. 199, 200 (695 SE2d 246) (2010), citing *Miller v. State*, 273 Ga. 831, 832 (546 SE2d 524) (2001).

[18] *Jackson*, supra. See *London*, supra at 20 (2).

*M. Harris, Assistant District Attorneys*, for appellee.