**FIRST DIVISION**
**PHIPPS, C. J.,**
**DOYLE, P. J, and BOGGS, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**April 29, 2015**

# In the Court of Appeals of Georgia

A15A0747. GRIBBLE v. THE STATE.                    DO-030 C

DOYLE, Presiding Judge.

Aaron Bradley Gribble was convicted of theft by taking.[1] He appeals, arguing that the trial court erred by denying his general demurrer. We disagree and affirm.

Gribble was charged with theft by taking. During the trial, his attorney made an oral general demurrer, alleging that the indictment failed to allege a crime under the laws of the State of Georgia. The trial court denied the motion, and this appeal followed.

A general demurrer challenges the *validity* of an indictment by asserting that the *substance* of the indictment is legally insufficient to charge any crime. In other words, a general demurrer is essentially a claim that the indictment is fatally defective and, therefore, void,

---

[1] OCGA § 16-8-2.

because it fails to allege facts that constitute the charged crime or *any other* crime, including a lesser included offense of the charged crime.[2]

We apply the following test to determine whether an indictment can withstand a general demurrer:

> [i]f all the facts which the indictment charges can be admitted, and still the accused be innocent, the indictment is bad; but if, taking the facts alleged as premised, the guilt of the accused follows as a legal conclusion, the indictment is good. An indictment which charges the offense in the language of the defining statute and describes the acts constituting the offense sufficiently to put the defendant on notice of the offense with which he is charged survives a general demurrer.[3]

Here, the indictment charged Gribble with theft by taking, alleging that he "did take a 42[-inch] LG television, the property of Joseph Floyd, with the intention of depriving said owner of said property, contrary to the laws of said State, the good order, peace and dignity thereof." OCGA § 16-8-2 provides that "[a] person commits

---

[2] (Citations, footnote, and punctuation omitted; emphasis in original.) *State v. Wilson*, 318 Ga. App. 88, 91-92 (1) (732 SE2d 330) (2012)."Because a person cannot be lawfully convicted on an invalid indictment, a general demurrer may be raised orally or in writing at anytime before judgment is entered on his or her conviction." Id. at 91, n.10, quoting *Stinson v. State*, 279 Ga. 177, 180, n.3 (611 SE2d 52) (2005). Thus, Gribble's demurrer was timely.

[3] (Footnote and punctuation omitted.) *Pulliam v. State*, 309 Ga. App. 477, 479-480 (2) (711 SE2d 21) (2011).

the offense of theft by taking when he unlawfully takes or, being in lawful possession thereof, unlawfully appropriates any property of another with the intention of depriving him of the property, regardless of the manner in which the property is taken or appropriated."

Gribble argues that the indictment failed to allege a crime because it did not specifically allege that he *unlawfully* took Floyd's television with the intention of depriving him thereof. Gribble overlooks, however, that the indictment did allege that he "did take [Floyd's television . . .with the intention of depriving the owner of said property contrary to the laws of said State." Thus, because the indictment tracked the language of the Code section, and Gribble could not admit the conduct alleged in the indictment and be innocent of the crime, the trial court did not err by denying Gribble's general demurrer.[4]

*Judgment affirmed. Phipps, C. J., and Boggs, J., concur.*

---

[4] See *Falagian v. State*, 300 Ga. App. 187, 191 (2), 192 (3) (684 SE2d 340) (2009) (affirming the trial court's denial of general demurrer because the indictment alleging theft by taking tracked the theft by taking Code section and "if [the defendant] admitted the conduct alleged in the indictment, he would not be innocent of the crime"), disapproved on other grounds by *McNair v. State*, 293 Ga. 282, 284 (745 SE2d 646) (2013).